

**NUMBERS 13-11-00570-CV & 13-11-00715-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **PAUL BLACK, ET AL.,** | **Appellants,** |

**v.**

| | |
|---|---|
| **TOBY SHOR AND SEASHORE**<br>**INVESTMENTS MANAGEMENT TRUST,** | **Appellees.** |

**On appeal from the County Court at Law No. 3**
**of Nueces County, Texas.**

# OPINION

**Before Justices Garza, Benavides and Perkes**
**Opinion by Justice Benavides**

Appellants, Paul Black, PBF Investments, Ltd., BNP Holdings, Ltd., BNP Commercial Properties, Ltd., BNP Management LLC, and TSE Equities I LLC, challenge three post-judgment turnover orders issued in favor of appellees, Toby Shor

and Seashore Investments Management Trust ("Seashore"). We vacate in part and reverse and remand, in part, for further proceedings consistent with this opinion.

## I. BACKGROUND

Appellees were the prevailing parties in an arbitration proceeding and received an arbitration award in excess of $30 million in their favor. On April 6, 2011, the trial court confirmed the arbitration award and entered a judgment against appellants. Appellants appealed this judgment in our cause number 13-11-00413-CV.[1] Following the entry of judgment, the trial court entered a series of three turnover orders on August 11, 2011, October 12, 2011, and November 4, 2011. These three turnover orders are at issue in these consolidated appeals.[2] Appellants seek to set aside the turnover orders by eight issues as discussed herein.[3]

---

[1] By separate opinion issued this same date, the Court affirmed the judgment confirming the arbitration award. *See Black v. Shor*, No. 13-11-00413-CV, 2013 Tex. App. LEXIS __ (Tex. App.—Corpus Christi Apr. 18, 2013, no pet. h.).

[2] As will be discussed more fully herein, appellants' appeal of the August 11, 2011 turnover order was docketed in appellate cause number 13-11-00570-CV. Appellants' subsequent appeal of the October 12, 2011 turnover order was separately docketed in appellate cause number 13-11-00715-CV. Appellants filed an "Opposed Second Motion to Review Further Orders" regarding their appeal of the turnover order issued on November 4, 2011. By order previously issued, the Court consolidated these two appeals and conditionally granted review of the November 4, 2011 turnover order in the consolidated appeals.

[3] Black filed a post-submission brief in this case on March 19, 2013, almost six weeks after oral argument in this cause. Appellees have filed a motion to strike the post-submission brief, or, in the alternative only, grant them leave to file a responsive brief. Black filed a response to the motion to strike his post-submission brief. Appellees contend that the post-submission brief should be struck because: Black did not seek leave of Court to file the brief; it is a "blatant attempt to re-argue the entire case;" it is untimely; it includes materials outside the appellate record; and it raises arguments and cites authorities that were not contained in appellants' original briefing. We may permit a party to amend or supplement a brief "whenever justice requires." TEX. R. APP. P. 38.7; *see also Standard Fruit & Vegetable Co., Inc. v. Johnson*, 985 S.W.2d 62, 65 (Tex. 1998) (appellate court has discretion whether to allow filing of amended or supplemental brief in interest of justice). However, new or additional issues raised in a reply brief or post-submission brief are untimely and will not be considered absent express permission from the appellate court allowing the new or additional issues. *See Garrett v. State*, 220 S.W.3d 926, 928–29 (Tex. Crim. App. 2007); *Collin Cnty. v. Hixon Family P'ship, Ltd.*, 365 S.W.3d 860, 877 (Tex. App.—Dallas 2012, pet. denied); *Rogers v. City of Fort Worth*, 89 S.W.3d 265, 284 (Tex. App.—Fort Worth 2002, no pet.); *Haynes v. McIntosh*, 776 S.W.2d 784, 788 (Tex. App.—Corpus Christi 1989, writ denied). Moreover, we do not consider attachments to briefs that were not part of the trial court record and are not

## II. APPLICABLE LAW AND STANDARD OF REVIEW

A "turnover" order is a statutory procedural device through which judgment creditors may reach assets of a judgment debtor that are otherwise difficult to attach or levy by ordinary legal process. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West 2008); *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 224 (Tex. 1991); *Moyer v. Moyer*, 183 S.W.3d 48, 52 (Tex. App.—Austin 2005, no pet). Under the statute, a judgment creditor can apply to a court for an injunction or other means to satisfy a judgment through a judgment debtor's property, including present or future property rights. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a). The turnover statute is purely procedural; its purpose is to ascertain whether an asset is either in the judgment debtor's possession or subject to its control. *Republic Ins. Co. v. Millard*, 825 S.W.2d 780, 783 (Tex. App.—Houston [14th Dist.] 1992, orig. proceeding).

To obtain relief under the turnover statute, a judgment creditor must prove: (1) the judgment debtor owns property, including present or future rights to property; (2) the property is not exempt from attachment, execution, or seizure; and (3) the property "cannot readily be attached or levied on or by ordinary legal process." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002; *see Europa Int'l, Ltd. v. Direct Access Trader Corp.*, 315 S.W.3d 654, 656 (Tex. App.—Dallas 2010, no pet.). A turnover order is proper if the

---

formally included in the appellate record. *Guajardo v. Conwell*, 46 S.W.3d 862, 864 (Tex. 2001); *In re Guardianship of Winn,* 372 S.W.3d 291, 297 (Tex. App.—Dallas 2012, no pet.); *Paselk v. Rabun*, 293 S.W.3d 600, 612 n.12 (Tex. App.—Texarkana 2009, pet. denied); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 n.23 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). After due consideration of the foregoing law and the length of time that this appeal has been pending, we allow the filing of Black's post-submission brief, but limit our consideration of that brief to those issues previously raised in the original briefs and the documents properly presented in the appellate record. Thus, appellees' motion to strike is granted in part, and denied in part. The motion is GRANTED insofar as our consideration of the post-submission brief is circumscribed as described herein and DENIED as to all other relief sought.

conditions of the statute are met. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002; *Tanner v. McCarthy*, 274 S.W.3d 311, 322 (Tex. App.—Houston [1st Dist.] 2008, no pet.). Upon finding that the elements of section 31.002(a) are satisfied, a trial court has discretion to issue a range of remedies, including ordering the judgment debtor to turn over nonexempt property that is in the debtor's possession, or is subject to the debtor's control, to a designated sheriff or constable for execution, and "appointing a receiver with the authority to take possession of the nonexempt property, sell it, and pay the proceeds to the judgment creditor to the extent required to satisfy the judgment." TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b). The turnover order itself need not specify the property subject to turnover. *Id.* § 31.002(h); *Tanner*, 274 S.W.3d at 322.

We review orders under the turnover statute, section 31.002 of the civil practice and remedies code, for an abuse of discretion and will reverse the trial court only if we determine that it acted in an unreasonable or arbitrary manner or without reference to any guiding rules and principles. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002; *Beaumont Bank, N.A.*, 806 S.W.2d at 226 (Tex. 1991); *Europa Int'l, Ltd.*, 315 S.W.3d at 656; *Tanner*, 274 S.W.3d at 320; *Moyer*, 183 S.W.3d at 51–52. A trial court's issuance of a turnover order, even if predicated on an erroneous conclusion of law, will not be reversed for an abuse of discretion if the judgment is sustainable for any reason. *Beaumont Bank, N.A.*, 806 S.W.2d at 226. A trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support the decision. *Tanner*, 274 S.W.3d at 321–22.

### III. JURISDICTION

4

We first address appellees' argument that we lack jurisdiction over these appeals. Appellees contend that appellants timely filed notices of appeal from the first two turnover orders, but these first two orders became nullities when the third turnover order was rendered and appellants did not properly perfect an appeal from the third turnover order. Appellants previously addressed this issue by filing an "Opposed Second Motion to Review Further Orders" seeking appellate review of the third turnover, which this Court granted by order previously issued in this cause. However, in granting the motion, we cautioned the parties that our ruling should not be construed as a final determination regarding whether the November 4, 2011 turnover order is subject to review on appeal, and we directed the parties to address this issue in their briefing. This issue is now properly before the Court.

Ordinarily, an amended final order supersedes any prior final order when the "order amounts to something more than marking through [an earlier date] and substituting another date on the final order." *Old Republic Ins. Co. v. Scott*, 846 S.W.2d 832, 833 n.2 (Tex. 1993) (holding date of final judgment for purpose of appellate filing deadlines was later date, not earlier). When the trial court signs an amended order, the original order becomes "a nullity." *Id.* As the original judgment ceases to have legal effect, only the amended judgment can support an appeal. *Bahar v. Lyon Fin. Servs.*, 330 S.W.3d 379, 386 (Tex. App.—Austin 2010, pet. denied).

The trial court's post-judgment power to enforce its judgment and to aid the judgment creditor in his efforts to collect on that judgment can last until the judgment is satisfied. *See* TEX. R. CIV. P. 308; *Bahar,* 330 S.W.3d at 386. The only limit on a trial court's authority to enforce its judgment is that enforcement orders must not be

5

inconsistent with the original judgment and must not constitute a "material change in substantial adjudicated portions of the judgment." *Matz v. Bennion*, 961 S.W.2d 445, 452 (Tex. App.—Houston [1st Dist.] 1997, writ. denied) (quoting *Katz v. Bianchi*, 848 S.W.2d 372, 374 (Tex. App.—Houston [14th Dist.] 1993, orig. proceeding [leave denied])).  Thus, the trial court may render a number of amended turnover orders, all of which could be final, appealable judgments if they act as mandatory injunctions. *Bahar*, 330 S.W.3d at 386 (discussing *Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740 (Tex. 1991), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114, 124–25 (Tex. 2004)).

In the instant case, the three turnover orders are distinct.  The first turnover order rendered on August 11, 2011, and entitled "Order on Toby Shor's and Seashore Investments Management Trust's Application for Turnover Order," provides that appellants "directly or indirectly" are the owners of shares, stock, stock certificates, or ownership interests in a list of 22 different entities, and "through entities in which they have an interest, directly or indirectly, real property known as 500 N. Water Street . . . and personal property located therein."  The order recites that the property is not exempt from attachment, execution, or seizure, and it cannot "readily be attached or levied on by ordinary legal process."  The order directs the appellants to turn over the described property to the sheriff within 24 hours and declares that Shor, as trustee for Seashore, is the owner of the referenced properties whether or not appellants comply with the directive.

6

The second turnover order rendered on October 12, 2011 is entitled "Order on Toby Shor's and Seashore Investments Management Trust's Agreed Motion to Transfer Assets from Bankruptcy Trustee" and provides in pertinent part as follows:

On August 11, 2011 this Court signed a turnover order commanding Paul Black to turn over his ownership interests in various entities, real property, and personal property, to the Sheriff for levy. The order also declared that in the event that Paul Black ignored the order, Shor was the owner of those assets.[4]

While Shor's application for turnover relief was pending, Paul Black, pursuant to a proposed settlement, which was subject to Bankruptcy Court approval, conveyed these interests, to Michael B. Schmidt, Chapter 7 Bankruptcy Trustee ("Trustee") in the BNP Petroleum and BNP Oil & Gas Bankruptcy Cases, which are pending in the Southern District of Texas. That proposed settlement with Paul Black and the Trustee was not approved by the Bankruptcy Court. Upon application by the Trustee, the Bankruptcy Court recently held that the Trustee was in possession of such interests, and that, since the settlement offered by Black was not approved by the Bankruptcy Court, it was appropriate for the Trustee to turn over these interests. Specifically, the bankruptcy court held:

The Court finds further that in the event that Nueces County Court at Law #3 enters an Order that requires the Trustee to turn over the property to Toby Shor, Trustee, then this court will approve and authorize the Trustee to so turn over the interest. The Court also finds that, as an alternative, the Court should authorize the Trustee to implead the interest into the Registry of Nueces County Court at Law No. 3.

Ex. 2, Bankruptcy Order.

In accordance with the Bankruptcy Court's Order, this Court thereby orders, the Trustee to turn over to Toby Shor, as trustee for Seashore Investments Management Trust ("Shor") all interest he holds in entities formerly held by Paul Black, which were conveyed to him pursuant to the disapproved settlement with Paul Black. The Court approves the form of the Conveyance to Shor, which is attached hereto and upon

_____

[4] We note that the first turnover order expressly provides that Shor, as trustee for Seashore, is the "owner" of interests in the described properties "[r]egardless of whether judgment debtors comply" with the order, yet the second turnover order characterized the first order as providing that, "in the event that Paul Black ignored the [first] order, Shor was the owner of those assets." We consider this discrepancy to be immaterial to the analysis herein.

7

delivery of this Conveyance to Shor's counsel, the Trustee shall have fully complied with this Order.

The third turnover order rendered on November 4, 2011, entitled "Amended Order on Toby Shor's and Seashore Investments Management Trust's Application for Turnover Order," incorporates much of the structure and language utilized in the first turnover order. Specifically, it provides that appellants "directly or indirectly" are the owners of shares, stock, stock certificates, or ownership interests in a list of 22 different entities. The order recites that the property is not exempt from attachment, execution or seizure and it cannot "readily be attached or levied on by ordinary legal process." However, the order contains additional different provisions. Instead of referencing "real property known as 500 N. Water Street," the third turnover order directs the turnover of "all personal property," excluding fixtures, located at 500 N. Water Street, in "space that had been occupied by entities controlled by Paul Black, including such personal property located in the Havana Club and 500 Bistro." Additionally, the order recites that:

> Paul Black transferred his interests in the above listed property to the trustee in the BNP Petroleum and BNP Oil & Gas Bankruptcy as part of an attempted settlement. Pursuant to the direction of the bankruptcy court, and then this Court, the trustee subsequently transferred those interests to Toby Shor, as Trustee of the Seashore Investments Management Trust, where such title currently resides.
>
> The Court finds that the property should be turned over to the Sheriff for levy, and the proceeds should be used to satisfy Shor's judgment, or at least any part thereof to the extent the proceeds do not satisfy the entire judgment. It is therefore ORDERED that the following property shall be turned over for levy (with the proceeds to be applied toward the satisfaction of the judgment rendered in this case) to Sheriff Jim Kaelin . . . .

The order directs the appellants to turn over the described property to the sheriff within 48 hours and orders that the personal property located at Havana Club and 500 Bistro

8

be maintained in place, subject to normal wear, tear, and use of those on-going operations upon the premises, and directs that it "shall not be removed from such premises by the Sheriff or another until after final ownership is determined upon completion of the Sheriff's sale of same in place."

Each of these distinct turnover orders acts as a mandatory injunction, and accordingly, constitutes a final, appealable judgment. *See Schultz*, 810 S.W.2d at 740; *Bahar*, 330 S.W.3d at 386. Thus, we disagree with appellees' contention that the first two turnover orders became nullities when the third turnover order was rendered.

We next address appellees' contention that appellants did not properly perfect a separate appeal from the third turnover order. The court of appeals has jurisdiction over any appeal where the appellant files an instrument that was filed in a bona fide attempt to invoke appellate court jurisdiction. *In re J.M.*, No. 12-0836, 2013 Tex. LEXIS 209, at *2, 56 Tex. Sup. J. 383 (Tex. Mar. 15, 2013) (per curiam) ("A party complies with Rule 25.1 by making a bona fide attempt to invoke appellate jurisdiction."); *Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010) (per curiam) ("[T]his Court has consistently held that a timely filed document, even if defective, invokes the court of appeals' jurisdiction."); *In re K.A.F.*, 160 S.W.3d 923, 927–28 (Tex. 2005) ("a court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction"); *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) ("The court of appeals . . . has jurisdiction over the appeal if a party files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction."). This principle reflects the policy embodied in the appellate rules that disfavors disposing of appeals based upon harmless procedural defects, thus we construe the rules reasonably, yet

liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule. *Verburgt v. Dorner*, 959 S.W.2d 615, 616–17 (Tex. 1997); *see Maxfield v. Terry*, 888 S.W.2d 809, 811 (Tex. 1994) (holding that the rules should be interpreted liberally to give appellate courts the opportunity to reach the merits of an appeal whenever possible). In cases challenging the validity of appellate review, the primary factor that determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the perfecting instrument, but whether the instrument was filed in a bona fide attempt to invoke appellate court jurisdiction. *Warwick Towers Council of Co-Owners ex. rel. St. Paul Fire & Marine Ins. Co.*, 244 S.W.3d 838, 839 (Tex. 2008) (citing *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex. 1989)); *see, e.g., CMH Homes v. Perez*, 340 S.W.3d 444, 452–53 (Tex. 2011) (appellant invoked appellate jurisdiction by specifically requesting that its appeal be treated as a mandamus petition).

Given the nature of the appeals at issue as arising from a series of appealable turnover orders, appellants' timely invocation of our appellate jurisdiction through the notices of appeal pertaining to the first two appeals, and appellants' motion for appellate review of the third turnover order, filed less than thirty days from the date of entry of that order, in a pending appellate cause, we affirm our previous ruling and conclude that we have obtained jurisdiction not only over the first two turnover orders, but also over appellants' appeal of the third turnover order. *See In re J.M.*, 2013 Tex. LEXIS 209, at *2; *Sweed*, 323 S.W.3d at 875; *In re K.A.F.*, 160 S.W.3d at 927–28; *Linwood*, 885 S.W.2d at 103. The "Opposed Second Motion to Review Further Orders" expressly sought appellate review of the November 4, 2011 order in a pending appellate cause,

10

and thus constituted a bona fide attempt to invoke appellate jurisdiction over that order. *See In re J.M.*, 2013 Tex. LEXIS 209, at *2; *Sweed*, 323 S.W.3d at 875. We proceed to address the merits of the appeal.

## IV. APPEAL

We address appellants' issues out of order. By their fourth issue, appellants contend the trial court violated Texas Rule of Appellate Procedure 29.5 by entering the October 12, 2011 and November 4, 2011 turnover orders because the August 11, 2011 order had been appealed to this Court. Texas Rule of Appellate Procedure 29 governs orders pending interlocutory appeal in civil cases. *See generally* TEX. R. APP. P. 29. Section five of this rule, entitled "Further Proceedings in Trial Court," provides:

> While an appeal from an interlocutory order is pending, the trial court retains jurisdiction of the case and unless prohibited by statute may make further orders, including one dissolving the order complained of on appeal. If permitted by law, the trial court may proceed with a trial on the merits. But the court must not make an order that:
>
> (a) is inconsistent with any appellate court temporary order; or
>
> (b) interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal.

*Id.* R. 29.5. Rule 29 is inapplicable to the instant case because, although most writs and orders in aid of execution are not appealable, a turnover order is a final, appealable judgment. *Schultz*, 810 S.W.2d at 740; *see also Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995) (per curiam); *Bahar*, 330 S.W.3d at 385. Accordingly, we overrule this issue.

## V. VOID

In their seventh issue, appellants contend that the August 11, 2011 turnover order was void because it was issued during the mandatory bankruptcy stay of 11

11

U.S.C. § 362(a). *See* 11 U.S.C.A. § 362(a) (West 2011); *In re Repine*, 536 F.3d 512 (5th Cir. 2008. In their eighth issue, appellants contend that if the August 11, 2011 order was void, the subsequent turnover orders of October 12, 2011 and November 4, 2011 were also void because they were based on a void order. In response, appellees assert that the "precise scope and effect of the bankruptcy stay could be discussed at length." Appellees do not otherwise directly address whether or not the August 11, 2011 turnover order was entered in violation of the bankruptcy stay because they contend that, in any event, that order became a nullity when the subsequent turnover orders were issued.

An order issued by the bankruptcy trustee overseeing these matters on June 9, 2011 stated that the automatic stay pursuant to bankruptcy code section 362(a) was in effect. The stay was subsequently lifted on September 1, 2011.

An automatic stay in bankruptcy prohibits the commencement or continuation of any judicial action or proceeding against the debtor and any property within the debtor's bankruptcy estate. *See* 11 U.S.C.A. §362(a); *Eguia v. Eguia*, 367 S.W.3d 455, 458–59 (Tex. App.—Corpus Christi 2012, no pet.). The automatic stay deprives state courts of jurisdiction over proceedings against the debtor, and any action taken against the debtor while the stay is in place is void and without legal effect. *See Kalb v. Feuerstein*, 308 U.S. 433, 439 (1940); *Howell v. Thompson*, 839 S.W.2d 92, 92 (Tex. 1992); *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex. 1988); *Eguia*, 367 S.W.3d at 458; *In re Pegasus Funds TFN Trading Partners, LP*, 345 S.W.3d 175, 176–77 (Tex. App.—Dallas 2011, orig. proceeding); *In re De La Garza*, 159 S.W.3d 119, 121 (Tex. App.—Corpus Christi 2004, orig. proceeding).

12

Accordingly, the turnover order of August 11, 2011, which purports to affect the same property that was at issue in the bankruptcy proceedings, is void because it was issued in violation of the bankruptcy stay. Thus, we sustain appellants' seventh issue.[5]

In their eighth issue, appellants contend that the turnover orders of October 12, 2011 and November 4, 2011 were also void "since they were based on the August 11, 2011 void turnover order." It is unclear, looking at either the record or the law, why appellants contend that the second and third turnover orders were "based" on the first order. We have already concluded that the three turnover orders were distinct, independent, and appealable. *See Bahar*, 330 S.W.3d at 386. We overrule appellants' eighth issue.

## VI. EVIDENCE

By their first issue, appellants contend that the trial court abused its discretion in entering the August 11, 2011, October 12, 2011, and November 4, 2011 turnover orders because there was no evidence that any of the property subject to the orders, which included transfers of real property, could not be readily attached or levied on by ordinary legal process as required by Texas Civil Practice and Remedies Code section 31.002 and pursuant to this Court's decision in *Gerdes v. Kennamer*, No. 13-06-00175-CV, 2007 Tex. App. LEXIS 2700 (Tex. App.—Corpus Christi Apr. 5, 2007, no pet.) (mem. op.). We have already concluded that the August 11, 2011 turnover order is void and do not include this order in our analysis of this issue. *See* TEX. R. APP. P. 47.1, 47.4.

---

[5] Appellants' second issue also attacks the August 11, 2011 order. By this issue, appellants contend that the trial court abused its discretion by ordering that Shor, as trustee of Seashore, is the owner of appellants' interest in the properties listed in the order in violation of *Ex parte Johnson*, 654 S.W.2d 415, 419 (Tex. 1983). Having concluded that the order is void, we need not address this issue. *See* TEX. R. APP. P. 47.1, 47.4.

13

In *Gerdes*, we stated that a creditor does not meet its evidentiary burden under the turnover statute when the creditor provides no evidence of the necessary facts. *Gerdes*, 2007 Tex. App. LEXIS 2700, at *6. In concluding that the applicant for turnover relief failed to introduce evidence to support the required element that the property cannot be readily attached or levied by ordinary legal process, we noted that motions and arguments of counsel are not evidence and, accordingly, concluded that the trial court abused its discretion in granting turnover relief. *Id.*

In response to appellants' contention that the turnover orders lacked evidentiary support, appellees contend that appellants were not entitled to notice and hearing before entry of the turnover orders and that an evidentiary hearing is only required prior to the entry of a turnover order if there is a factual dispute as to the ownership of the property in question.

As an initial matter, the turnover statute itself does not require notice and a hearing prior to issuance of a turnover order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002; *Ex Parte Johnson*, 654 S.W.2d 415, 418 (Tex. 1983) (stating that notice and hearing prior to issuance of the turnover order was not required under predecessor statute); *Sivley v. Sivley*, 972 S.W.2d 850, 860 (Tex. App.—Tyler 1998, no pet.) ("The statute itself does not provide for notice or a hearing to be afforded a judgment debtor in a turnover proceeding."); *Plaza Court v. West*, 879 S.W.2d 271, 276 (Tex. App.—Houston [14th Dist.] 1994, no writ.) (explaining that the turnover statute does not provide for notice to be afforded a judgment debtor in a turnover proceeding); *see also In re Guardianship of Bays*, 355 S.W.3d 715, 720 (Tex. App.—Fort Worth 2011, no

14

pet.); *Llanes v. Benge*, No. 13-07-00026-CV, 2009 Tex. App. LEXIS 551, at **11–12 (Tex. App.—Corpus Christi Jan. 29, 2009, no pet.) (mem. op.).

Nevertheless, the trial court "must have some evidence before it that establishes that the necessary conditions for the application of 31.002 exist." *Tanner*, 274 S.W.3d at 322. The conditions that must be met are:

(1)    the entity that is to receive aid must be a judgment creditor;

(2)    the court that would grant aid must be one of appropriate jurisdiction;

(3)    the aid to be given must be in order to reach property to obtain satisfaction on the judgment; and

(4)    the judgment debtor must own property (including present or future rights to property) that:

   (a)    cannot be readily attached or levied on by ordinary legal process and

   (b)    is not exempt from attachment, execution, or seizure for the satisfaction of liabilities.

TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a); *Suttles v. Vestin Realty Mortg. I, Inc.*, 317 S.W.3d 412, 416 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *Tanner*, 274 S.W.3d at 322. Issuance of a turnover order requires "a factual showing" that the judgment debtor has non-exempt property that is not readily subject to ordinary execution and "proof of the necessary facts." *Schultz*, 810 S.W.2d at 740; *see Main Place Custom Homes, Inc. v. Honaker*, 192 S.W.3d 604, 628 (Tex. App.—Fort Worth 2006, pet. denied); *Moyer*, 183 S.W.3d at 54; *Clayton v. Wisener*, 169 S.W.3d 682, 684 (Tex. App.—Tyler 2005, pet. denied); *Bergman v. Bergman*, 828 S.W.2d 555, 557 (Tex. App.—El Paso 1992, no pet.). The trial court must have some evidence before it that

establishes that the necessary conditions for the application of 31.002 exist. *Suttles*, 317 S.W.3d at 416; *Tanner*, 274 S.W.3d at 322.

Appellees did not support their applications for turnover relief by verification or affidavit, and the trial court did not hold evidentiary hearings on turnover relief. Appellants opposed turnover relief by responsive pleadings which included affidavits addressing the application of the statutory requirements for relief. Accordingly, the trial court abused its discretion in granting turnover relief in the absence of evidence supporting the statutory requirements. *Suttles*, 317 S.W.3d at 416; *Tanner*, 274 S.W.3d at 322; *see also Gerdes*, 2007 Tex. App. LEXIS 2700, at *6. We sustain appellants' first issue.

## VII. CONCLUSION

Having overruled appellants' fourth and eighth issues, and having sustained appellants' first and seventh issues, we need not address their remaining issues. *See* TEX. R. APP. P. 47.1, 47.4.[6] We vacate the August 11, 2011 turnover order, which was originally appealed in our cause number 13-11-00570-CV. We reverse the October 12, 2011 turnover order, which was originally appealed in our cause number 13-11-00715-CV, and the November 4, 2011 turnover order, which was appealed by motion granted

---

[6] By their third issue, appellants contend that the trial court also abused its discretion by entering the October 12, 2011 order which purports to transfer property to Shor and Seashore in violation *of Ex parte Johnso*n, 654 S.W.2d 415, 419 (Tex. 1983). By their fifth issue, appellants contend that it was an abuse of discretion for the trial court, in its November 4, 2011 turnover order, to have relied on its October 12, 2011 order "which improperly transferred property directly to Toby Shor, as trustee of Seashore, and then after [she] allowed the real property to be foreclosed on, refused to pay rent, and lost the Prosperity Bank property, the Havana Club, the 500 Club, and is about to lose the 5262 Staples property, to then order the property no longer in Seashore or Black's possession to be turned over to the Sheriff." In their sixth issue, appellants contend that the collective effect of Shor and Seashore's actions and the trial court's signing of improper turnover orders was "an abuse of discretion" requiring all the orders to be reversed and this matter remanded to the new trial judge to consider the effect of these actions on appellants' rights.

16

in these consolidated causes, and we remand to the trial court for further proceedings consistent with this opinion.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
18th day of April, 2013.