COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:       Phillippe Tanguy, 13,500 Air Express, LLC and 13,500 Air
                           Express LP v. William G. West, as Chapter 7 Trustee of
                           Richard Davis, Debtor

Appellate case number:     01-14-00455-CV

Trial court case number:   2013-67779

Trial court:               270th District Court of Harris County

On April 25, 2014, the trial court signed an "Order Granting Turnover and Appointing Receiver and Master," appointing Eva Engelhart as a receiver in this case and ordering appellants, Phillippe Tanguy, 13,500 Air Express, LLC, and 13,500 Air Express LP, to turn over "all checks, cash, securities (stocks and bonds), promissory notes, [and] documents of title and contracts" to Engelhart, to disclose to Engelhart all of their non-exempt assets, and to turn over identified documents and documents and records requested by Engelhart to Engelhart. Appellants filed a notice of appeal from the trial court's April 25, 2014 order on May 23, 2014.

On May 30, 2014, the trial court ordered appellant Tanguy to "turnover the deed, the deed of trust, keys, and all other items to obtain physical access to the 1714 Driscoll St., Houston, Texas 77019 to the Receiver, Eva Engelhart." Appellants filed a notice of appeal from the trial court's May 30, 2014 order on June 18, 2014.

On June 18, 2014, appellee, William G. West, filed a "Motion to Dismiss Appeal as Untimely." In the motion, West argues that the trial court's April 25, 2014 order was an interlocutory order appointing a receiver, that such an order is subject to appeal pursuant to Texas Civil Practice and Remedies Code section 51.014(a) and is therefore an accelerated appeal, and that appellants' notice of appeal, filed 28 days after the order was signed, was not timely. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (West Supp. 2014); TEX. R. APP. P. 26.1(b), 28.1. In response, appellants argue that the trial court's April 25, 2014 order granted turnover relief in addition to appointing a receiver,

1

that the order was therefore a final judgment for purposes of appeal, and that their notice of appeal was timely filed.

Although the trial court's April 25, 2014 order did not order appellants to turn over specific property, the order did require appellants to turn over property and was therefore a turnover order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(h) (West 2008); *Black v. Shor*, Nos. 13-11-00570-CV, 13-11-00715-CV, 2013 WL 1687538, at *1 (Tex. App.—Corpus Christi Apr. 18, 2013, no pet.) ("The turnover order itself need not specify the property subject to turnover."). The trial court's April 25, 2014 order was therefore a final, appealable judgment. *See Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995) ("The court of appeals erred in applying the deadline for interlocutory appeals to this case because a turnover order is a final, appealable judgment."); *Schultz v. Fifth Judicial Dist. Ct. of Appeals at Dallas*, 810 S.W.2d 738, 740 (Tex. 1991) ("We therefore hold that the turnover order was in the nature of a mandatory injunction and was appealable."), *abrogated on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004); *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 385 (Tex. App.—Austin 2010, pet. denied) (holding that turnover order is final, appealable judgment and stating that appellate "courts have exercised jurisdiction over the post-judgment appointment of a receiver when that appointment was made pursuant to the turnover statute"); *Suttles v. Vestin Realty Mortg. I, Inc.*, 317 S.W.3d 412, 415–18 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (considering appeal challenging turnover order and appointment of receiver); *Sheikh v. Sheikh*, 248 S.W.3d 381, 386 n.1 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (stating, in context of appeal from "turnover-and-receivership order," that "[t]urnover orders like this one are final appealable orders"). Accordingly, we **deny** West's motion to dismiss appellants' notice of appeal from the April 25, 2014 order. *See* TEX. R. APP. P. 26.1 (requiring notice of appeal be filed within 30 days after judgment is signed).

On July 18, 2014, appellants filed a "Motion to Consolidate Appeals for Briefing and Opinion." In this motion, appellants state that they "have taken two appeals from two separate Turnover Orders appointing the same Receiver signed by the Trial Court below on April 25, 2014 and May 30, 2014." Appellants request that we consolidate "Appellants' Appeal No. 1 and Appeal No. 2."

The Clerk of this Court docketed both appellant's notice of appeal filed on May 23, 2014 and their notice of appeal filed on June 18, 2014 under this appellate cause number. Accordingly, we **dismiss** appellant's motion to consolidate as moot.

On July 24, 2014, appellants filed an "Emergency Motion for Temporary Order Staying Turnover and Receivership Proceedings Pursuant to T.R.A.P. Rule 29.3."[1] In the

---

[1] On July 28, 2014, appellants filed a notice informing the Court that the trial court entered a stay in this case "obviat[ing] the necessity of emergency consideration of that motion."

motion, appellants argue that Texas Rule of Appellate Procedure 29.3 provides us with jurisdiction to make any temporary order necessary to preserve the parties' rights until final disposition of the appeal and that we should be free to grant temporary relief to preserve our jurisdiction. Appellants also contend, without citation to any authority, that "any remedy of supersedeas available to Appellants is totally inadequate."

Texas Rule of Appellate Procedure 29.3 applies only to appeals from interlocutory orders. *See* TEX. R. APP. P. 29.3 ("When an appeal *from an interlocutory order* is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security." [emphasis added]). Appellants, however, appeal from orders of the trial court that constitute final, appealable judgments. Rule 29.3 is therefore inapplicable to this case. *See id.*; *Black v. Shor*, 2013 WL 1687538, at *5 ("Rule 29 is inapplicable to the instant case because, although most writs and orders in aid of execution are not appealable, a turnover order is a final, appealable judgment.") Further, a turnover order "*can* be superseded." *Schultz*, 810 S.W.2d at 739 n.3. But appellants fail to demonstrate that their rights would not "be adequately protected by supersedeas or another order made under Rule 24." *See* TEX. R. APP. P. 29.3 ("But the appellate court must not suspend the trial court's order if the appellant's rights would be adequately protected by supersedeas or another order made under Rule 24."). Accordingly, we **deny** appellants' motion to stay the turnover and receivership proceedings.

On August 4, 2014, appellants filed a "Motion to Enlarge Time Within Which to File Appellants' Opening Brief," requesting an order allowing appellants to file their brief thirty days after we rule on West's motion to dismiss and appellants' motion to consolidate appeals. Having ruled on those motions above, we **grant** the motion and **order** appellants to file their appellants' brief no less than 30 days from the date of this order.

Finally, on September 29, 2014, West filed a "Motion for Emergency Consideration of Motion to Dismiss Appeal as Untimely," requesting that we "rule on his motion to dismiss on an emergency basis." Having ruled on the motion above, we **dismiss** the motion as moot.

It is so ORDERED.


Judge's signature: /s/ Sherry Radack

☒   Acting individually

Date: October 2, 2014

3