

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00363-CV

Augustine **NWABUISI**, Rose Nwabuisi, Resource Health Services, Inc. d/b/a Resource Home
Health Services, Inc., and Resource Care Corp.,
Appellants

v.

Dana D. **MOHAMMADI**,
Appellee

From the 57th Judicial District Court, Bexar County, Texas
Trial Court No. 2014-CI-05341
Honorable Solomon Casseb III, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Rebeca C. Martinez, Justice

Delivered and Filed:  July 29, 2015

DISMISSED FOR WANT OF JURISDICTION

This is an attempted appeal from a turnover order appointing a receiver.  Appellants

Augustine Nwabuisi, Rose Nwabuisi, Resource Health Services, Inc. d/b/a Resource Home Health

Services, Inc., and Resource Care Corp. (collectively "Resource Health Services") contend the

trial court erred in appointing a receiver and granting turnover relief in favor of appellee Dana D.

Mohammadi.  Because the underlying federal court judgment has been collected and the

receivership was closed after Resource Health Services perfected its appeal, the appeal is moot.

We therefore dismiss it for want of jurisdiction.

**BACKGROUND**

Mohammadi obtained a judgment for unpaid wages and liquidated damages against Resources Health Services, a home health care enterprise, in the San Antonio Division of the United States District Court, Western District of Texas. The federal court judgment, however, did not render an award as to court costs and attorney's fees. Shortly thereafter, Mohammadi domesticated the judgment and filed an application for a post-judgment turnover order and appointment of a receiver in the 57th Judicial District Court in Bexar County. The trial court rendered an order appointing a receiver under the Texas Turnover Statute, granting the receiver the authority to seize and sell Resources Health Services' non-exempt assets to satisfy the federal court judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(b)(3) (West 2015) (authorizing court to appoint receiver with authority to take possession of non-exempt property, sell it, and pay proceeds to judgment creditor to extent necessary to satisfy judgment). The receiver proceeded to recover the necessary funds to satisfy the federal court judgment and then filed an application to close the receivership and discharge the receiver.

In response to the receiver's actions, Resources Health Services filed a "Motion to Set Aside Turnover Order and For Sanctions," arguing the turnover order should be set aside because, among other things, it was not given the minimum three-day notice of the hearing on Mohammadi's original application as required by Rule 695 of the Texas Rules of Civil Procedure and there was no evidence to support the turnover order. Thereafter, in response to the complaints raised in Resource Health Services' motion, Mohammadi filed an amended and supplemental application for turnover relief and appointment of receiver. Despite the filing of the amended/supplemental application, Resource Health Services timely filed a notice of appeal, stating it desired to appeal the original order appointing the receiver.

While the appeal was pending, the trial court held a hearing on Mohammadi's amended and supplemental application and rendered a second order, which like the first order, appointed a receiver and ordered Resource Health Services to turn over the assets needed to pay the federal court judgment. Thereafter, the receiver fully recovered the funds to satisfy the federal court judgment and filed an application to close the receivership and discharge the receiver. At a subsequent hearing, the trial court verbally granted the application, approving the actions of the receiver, ordering the receivership closed, and discharging the receiver. The trial court rendered a written order closing the receivership and discharging the receiver that same day.

## ANALYSIS

In its sole issue on appeal, Resource Health Services challenges the turnover order appointing the receiver, which permitted the receiver to take possession of and sell its non-exempt assets to satisfy the federal court judgment. According to Resource Health Services, the trial court erred in rendering the turnover order appointing a receiver because: (1) the federal court judgment was not final because it did not include court costs or attorney's fees; (2) the receiver was appointed ex parte and without sufficient notice; and (3) there was insufficient evidence to support the order. In response, Mohammadi contends the appeal is moot because the trial court signed an "amended" order appointing a receiver, and an amended order supersedes a prior final order. Therefore, according to Mohammadi, the original order that Resource Health Services challenges cannot support an appeal because it was superseded by an "amended" order.

After considering Mohammadi's argument in conjunction with the trial court's actions rendering an order closing the receivership and discharging the receiver, we issued a show cause order, directing Resource Health Services to demonstrate why this appeal was not rendered moot. Resource Health Services responded, asserting the appeal was not moot because the trial court's actions subsequent to its original order were invalid. According to Resource Health Services, the

trial court's actions interfered with the jurisdiction of the appellate court in violation of Rule 29.5 of the Texas Rules of Appellate Procedure. Rule 29.5 states, in relevant part: "[T]he court must not make an order that . . . interferes with or impairs the jurisdiction of the appellate court or effectiveness of any relief sought or that may be granted on appeal." Therefore, the trial court's subsequent orders "made in an effort to correct the illegal order" were invalid and do not render this appeal moot.

For the following reasons, we disagree with Resource Health Services. We hold the appeal is moot and dismiss the appeal for want of jurisdiction.

### The Mootness Doctrine

The mootness doctrine prohibits courts from deciding moot controversies. *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999). "A case becomes moot if, since the time of filing, there has ceased to exist a justiciable controversy between the parties—that is, if the issues presented are no longer 'live,' or if the parties lack a legally cognizable interest in the outcome." *Heckman v. Williamson Cty*., 369 S.W.3d 137, 162 (Tex. 2012); *see also Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2000). More specifically, "an appeal is moot when a court's action on the merits cannot affect the rights of the parties." *Zipp v. Wuemling*, 218 S.W.3d 71, 73 (Tex. 2007); *In re Guardianship of Norris*, No. 04-08-00567-CV, 2010 WL 26314, at *1 (Tex. App.—San Antonio Jan. 6, 2010, no pet.) (mem. op.).

Here, Resource Health Services seeks to have this court set aside the turnover order appointing the receiver and have the collected funds returned. However, the record is clear that the receivership was closed because the underlying judgment was collected and paid and the receiver was discharged. We hold these events render any appeal concerning the appointment of the receiver moot. *See R-ZAQ, Inc. v. Mohawk Servicing, LLC*, No. 08-15-00065-CV, 2015 WL 3653258, at *1 (Tex. App.—El Paso Apr. 24, 2015, no pet. h.) (mem. op.) (holding appeal

regarding order creating receivership under Texas Turnover statute moot when application to close receivership granted); *Thurlow v. Thurlow*, No. 09-06-522-CV, 2007 WL 5760841, at \*7 (Tex. App.—Beaumont Nov. 26, 2008, pet. denied) (mem. op.) (concluding appeal of appointment of receiver moot when real property that was subject of receivership was sold by receiver *after* appellant perfected appeal.); *Pirate's Lake, Ltd. v. Vestin Realty Mortg. I, Inc.*, No. 14-08-00085-CV, 2008 WL 3833618, at \*3 (Tex. App.—Houston [14th Dist.] Aug. 12, 2008, no pet.) (mem. op.) (pointing out judgment would have no practical effect on order appointing receiver when property seized was already sold; therefore, appeal was moot); *Rogers v. PLS Water Co., Inc.*, No. 14–94–1135–CV, 1996 WL 28791, at \*1 (Tex. App.—Houston [14th Dist.] 1996, writ dism'd w.o.j.) (not designated for publication) (holding order terminating receivership in bankruptcy proceedings rendered moot appeal from order appointing receiver, order authorizing further action by receiver, and receiver's order to seize). Additionally, any issues relating to the validity or enforceability of the turnover order are also moot as the judgment underlying the turnover order has been paid, and therefore, the turnover order is of no further force and effect. *Bennett/Nguyen Joint Venture v. Coghlan*, No. 01-10-00575-CV, 2011 WL 2732435, at \*1 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (mem. op.). Because the receivership has been terminated and the turnover order is no longer in effect, any judgment rendered by this court would have no effect as there is no longer a "live" controversy." *See R-ZAQ, Inc.*, 2015 WL 3653258, at \*1; *Thurlow*, 2007 WL 5760841, at \*7; *Pirate's Lake*, 2008 WL 3833618, at \*3; *Rogers*, 1996 WL 28791, at \*1.

In response to our show cause order, Resource Health Services argued the trial court's subsequent orders were prohibited by Rule 29.5 of the Texas Rules of Appellate Procedure and therefore, the appeal is not moot. We hold Resource Health Services is incorrect. Rule 29.5, by its own language, applies only to appeals from *interlocutory* orders. *See* TEX. R. APP. P. 29.5

(emphasis added).  This is an appeal from a turnover order, which is a final, appealable judgment, not an interlocutory appeal.  As stated by the court in *Black v. Thor*, "Rule 29.5 is inapplicable in this instant case because, although most writs and orders in and of execution are not appealable, a turnover order is a final, appealable judgment."  443 S.W.3d 170, 179 (Tex. App.—Corpus Christ-Edinburg 2013, no pet.) (dismissing appellant's argument that trial court violated Rule 29.5 by rendering subsequent orders).  Accordingly, we hold the order terminating the receivership and discharging the receiver has rendered this appeal moot.  *See R-ZAQ, Inc.*, 2015 WL 3653258, at *1; *Thurlow*, 2007 WL 5760841, at *7; *Pirate's Lake*, 2008 WL 3833618, at *3; *Rogers*, 1996 WL 28791, at *1.

## CONCLUSION

Because Resource Health Services has failed to demonstrate there is a live controversy as to the merits of this appeal, we hold the appeal is moot and dismiss the appeal of the turnover order appointing the receiver for want of jurisdiction.

Marialyn Barnard, Justice