

# Fourth Court of Appeals
## San Antonio, Texas

### DISSENTING OPINION

No. 04-16-00723-CV

**FE EXPRESS, LLC** and Francisco Javier Bernal,
Appellants

v.

Maria Isabel Serna **CONTRERAS**, as next friend and guardian of Samara Isabella Morales
Serna and Samantha Isabel Morales Serna, minor children, and as Administrator of the Estate of
Samuel Morales Castillo, Deceased,
Appellees

&

No. 04-16-00738-CV

**IN RE FE EXPRESS, LLC** and Francisco Javier Bernal

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2014CVT001295 D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

**OPINION DISSENTING TO THE ORDER GRANTING APPELLANTS' EMERGENCY
MOTION FOR STAY & DENYING APPELLEES' MOTION FOR EVIDENTIARY HEARING**

Dissenting Opinion by:  Luz Elena D. Chapa, Justice

Sitting:       Karen Angelini, Justice
               Marialyn Barnard, Justice
               Luz Elena D. Chapa, Justice

Delivered and Filed:  December 28, 2016

        I respectfully dissent. Today's order contravenes Texas Rule of Appellate Procedure 24

and interferes with the trial court's plenary power over its turnover order. I would deny appellants'

request for a permanent stay,[1] extend the temporary stay for a specific period of time to give appellants an opportunity to supersede the judgment in the trial court under Rule 24, and amend our temporary stay to clarify that it stays only the enforcement of the turnover order.

This consolidated appellate and original proceeding concerns a turnover order.[2] A turnover order in the nature of an injunction is a final judgment that may be superseded. *Burns v. Miller, Hiersche, Martens & Hayward, P.C.*, 909 S.W.2d 505, 506 (Tex. 1995) (per curiam); *Schultz v. Fifth Judicial Dist. Court of Appeals*, 810 S.W.2d 738, 740-41 n.3 (Tex. 1991), *abrogated in part on other grounds by In re Sheshtawy*, 154 S.W.3d 114 (Tex. 2004) (orig. proceeding); Elaine A. Carlson, *Reshuffling the Deck: Enforcing and Superseding Civil Judgments on Appeal After House Bill 4*, 46 S. TEX. L. REV. 1035, 1062 (2005). To suspend enforcement of a such a judgment, an appellant must either "supersede[] [the judgment] in accordance with Rule 24" or be "entitled to supersede the judgment without security." TEX. R. APP. P. 25.1(h).

Rule 24 permits a judgment debtor to supersede a judgment in the trial court by providing security or filing a written agreement with the judgment creditor to suspend enforcement of the judgment. R. 24.1. The purpose of providing security is "to adequately protect the judgment creditor against any loss or damage occasioned by the appeal." *Whitmire v. Greenridge Place Apts.*, 333 S.W.3d 255, 262 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd). We may "issue any *temporary* orders necessary to preserve the parties' rights," but Rule 24 does not authorize us to permanently stay enforcement of the trial court's judgment in lieu of Rule 24's express procedure. *See* R. 24.4(c) (emphasis added). Thus, today's order contravenes Rule 24 and provides no protection to appellees for losses and damages occasioned by the appeal. *See Whitmire*, 333

---

[1] Today's order grants appellants' request for a stay "pending this Court's consideration of the merits of the turnover order" and "effective until such time as their appeal of the Turnover Order is finally resolved."

[2] Although this consolidated proceeding also concerns orders appointing a receiver and master in chancery, appellants' motion does not expressly request a stay of anything other than the turnover order or provide any arguments or authorities regarding the appointment of a receiver and master in chancery.

S.W.3d at 262. I would have modified the temporary stay to include a date on which the stay would be lifted, so as to protect appellants' right to supersede the turnover order under Rule 24.

Because a turnover order in the nature of an injunction is a final judgment, it is also subject to being modified pursuant to the trial court's plenary power. *See* TEX. R. CIV. P. 329b; *Bahar v. Lyon Fin. Servs., Inc.*, 330 S.W.3d 379, 386 (Tex. App.—Austin 2010, pet. denied). Rule 329b gives the trial court plenary power to modify its judgments as follows:

> (c) In the event an original or amended motion for new trial or a motion to modify, correct or reform a judgment is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

> (d) The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.

> (e) If a motion for new trial is timely filed by any party, the trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

TEX. R. CIV. P. 329b(c)-(e); *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982).

The trial court signed the turnover order on October 28, 2016. Appellees timely filed a "motion for amended order granting post-judgment relief" in the trial court on November 22, 2016. *See id.* R. 329b(d). According to the parties, the trial court has not heard or ruled on appellees' motion because our stay is unclear as to whether the trial court may conduct proceedings or modify the turnover order. Thus, the trial court currently has plenary power to grant a new trial or to vacate, modify, correct, or reform the turnover order. *See* R. 329b(c)-(e); *Arndt*, 633 S.W.2d at 499; *see also Black v. Shor*, 443 S.W.3d 170, 176 (Tex. App.—Corpus Christi 2013, no pet.) (holding turnover orders are not interlocutory orders subject to TEX. R. APP. P. 29.5). I would clarify our November 2, 2016 order stays only the enforcement of the turnover order and does not prohibit

the trial court from modifying the turnover order. This option is the most efficient alternative and would conserve judicial resources by allowing the trial court to correct any problems with the turnover order now, instead of months from now in the event of a reversal.

Luz Elena D. Chapa, Justice