GREGORIAN V. EWELL

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-010-CV

IRENE B. GREGORIAN, MIKE BOODAGH, APPELLANTS

HOME AMERICA, INC., AND 

THANKSGIVING REALTY

V.

TERRY EWELL AND NINA EWELL APPELLEES

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellants seek an extension of time to file their notice of appeal.  In this case, we must determine whether the filing by Appellants of their cash deposit in lieu of a supersedeas bond within the period for perfecting appeal constituted a bona fide attempt to appeal invoking this court’s jurisdiction.  This specific question has not been addressed by the Texas courts.  We hold that Appellants made a bona fide attempt to appeal by filing a cash deposit in lieu of supersedeas bond during the relevant time period and thus invoked appellate court jurisdiction.

The trial court rendered final judgment in this case on September 10, 2002.  Appellants timely filed a motion for new trial on October 8, which extended the deadline for filing a notice of appeal until December 9.  
Tex. R. App. P.
 26.1.  On October 30, Appellants filed a $97,538.35 cash deposit with the district clerk in lieu of filing a supersedeas bond.  
Tex. R. App. P.
 24.1(c).  On November 22, 2002, the trial court signed an agreed order as to the sufficiency of the cash deposit in lieu of supersedeas bond.  
Tex. R. App. P.
 24.1(e).  The order was agreed to and signed by counsel for both Appellants and Appellees and stated that “such amount is adequate security for the judgment rendered in this matter and will fully protect the Plaintiffs on appeal.”   Appellants filed their notice of appeal on January 9, 2003, more than ninety days after the trial court’s judgment was signed and after the fifteen-day deadline had expired to file a motion for extension of time to file their notice of appeal.  
See
 
Tex. R. App. P.
 26.1(a), 26.3.  On January 13, we notified Appellants, in accordance with rule 42.3, that this court might not have jurisdiction over this appeal because it appeared that the notice of appeal was not timely filed.  
Tex. R. App. P.
 42.3.  In response, on January 23, Appellants filed a motion to extend time to file the notice of appeal, arguing that they had made a bona fide attempt to appeal and that they have a reasonable explanation to support the requested extension of time.  The motion for extension is supported by affidavits from Appellant’s counsel and his legal assistant, both of whom state that the due date for the notice of appeal was mistakenly calendared for January 9 instead of December 9, and that the mistake was not discovered until January 9.  Appellees oppose the motion. 

The Supreme Court of Texas has consistently supported the principle that appellate courts should not dismiss an appeal for a procedural defect “whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal.”  
Verburgt v. Dorner
, 959 S.W.2d 615, 616 (Tex. 1997) (holding filing, in good faith, of cost bond under former rules, beyond period required to perfect appeal but within fifteen-day extension period, necessarily implied a motion to extend time to perfect appeal);
 see also Jones v. City of Houston, 
976 S.W.2d 676, 677 (Tex. 1998) (holding that, under former rule of appellate procedure 41(a)(1), affidavit in lieu of cost bond filed within fifteen-day time for filing motion for extension of time, implied motion for extension subject to establishing reasonable basis for extension).
 

Similarly, the supreme court has repeatedly held that a court of appeals has jurisdiction if an appellant files an instrument that is improper but constitutes a bona fide attempt to invoke appellate jurisdiction.  
Linwood v. NCNB Tex., 
885 S.W.2d 102, 103 (Tex. 1994) (holding improper filing of notice of appeal, rather than required cost bond under former rules, sufficed as bona fide attempt to invoke appellate jurisdiction); 
Grand Prairie Indep. Sch. Dist.  v. S. Parts Imports, Inc., 
813 S.W.2d 499, 500 (Tex. 1991) (holding that court of appeals must give appellant filing improper document in bona fide effort to perfect an appeal an opportunity to correct error by filing correct instrument).  Most recently, the supreme court re-affirmed the policy of interpreting the appellate rules, wherever possible, to achieve the aim of furthering resolution of appeals on the merits in 
Bennett v. Cochran
, 96 S.W.3d 227, 230 (Tex. 2002) (relaxing time deadline for filing of statement of issues under
 
rule 34.6(c)(1) absent complaint of prejudice).

The decisions in both 
Grand Prairie
 and 
Linwood
 were based in part on former rule 83, which provided that an appeal shall not be dismissed for defects or irregularities in appellate procedure, either of form or substance, without allowing a reasonable time to correct or amend the defects or irregularities.  
See 
Tex. R. App. P
. 
44.3 (current rule).  Additionally, the supreme court has instructed the courts of appeals to construe the rules of appellate procedure liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of the rule.  
Verburgt, 
959 S.W.2d at 616-17; 
see also
 
Jones v. Stayman
, 747 S.W.2d 369, 370 (Tex. 1987) (holding appellate rules should be interpreted liberally to allow appellate courts to reach merits of case wherever possible); 
Consol. Furniture Co. v. Kelly
, 366 S.W.2d 922, 923 (Tex. 1963) (same).     

The courts of appeals have subsequently followed this policy.  
See
 
In re M.A.H., 
No. 10-02-00234-CV, slip op. at 2, 2002 WL 31319959, at *1 (Tex. App.—Waco Oct. 16, 2002, no pet.) (holding that filing affidavit of indigency during fifteen-day window for filing motion for extension of time to file notice of appeal constituted bona fide attempt to invoke appellate jurisdiction); 
In re Marriage of Gary, 
No. 07-01-00466-CV, slip op. at 3, 2002 WL 1806800, at *2 (Tex. App.—Amarillo Aug. 7, 2002, no pet.) (holding filing notice of appeal from judgment constituted bona fide attempt to appeal order sustaining contest of affidavit of indigency); 
Foster v. Williams, 
74 S.W.3d 200, 203 (Tex. App.—Texarkana 2002, pet. denied) (holding filing of docketing statement sufficient as bona fide attempt to perfect appeal).

In 
Verburgt, 
the supreme court noted that implying a motion for extension of time by a late notice of appeal filed within the fifteen-day grace period did not alter the time required to perfect an appeal beyond the period authorized by the rules.  959 S.W.2d at 617.  The court also found it significant that the decision in that case did not undermine the principle of finality of judgments because “[p]arties who prevail in the trial court will still know within the time specified [by the rules] whether their opponents will seek to perfect an appeal.”  
Id.
  Here, Appellants filed their cash deposit within the time period for filing their notice of appeal.  During the same period, the trial court entered an agreed order, signed by counsel for all parties, confirming the sufficiency of the cash deposit and expressly referring to Appellants’ intent to appeal.  Moreover, the reason for filing a cash deposit in lieu of bond is to protect assets during an appeal.
(footnote: 1)  

Thus, Appellees clearly knew long before the notice of appeal was due that Appellants intended to appeal, and Appellees have not claimed any surprise or prejudice by allowing the appeal to go forward.  
See Verburgt, 
959 S.W.2d at 617
; see also Bennett
, 96 S.W.3d at 230 (noting appellees made no complaint that relaxation of deadline for filing statement of issues would prejudice their preparation or presentation of case).  Granting the requested extension in this case will not alter the time period for perfecting appeal because the cash deposit was filed well within the ninety-day period for filing the notice of appeal. 
 Tex. R. App. P.
 26.1(a); 
see Verburgt
, 959 S.W.2d at 617.

Mindful of the caveat from the supreme court in 
Bennett
, that “litigants should not view our relaxation of rules in a particular case as endorsing noncompliance,”
(footnote: 2) we hold that Appellants invoked the jurisdiction of this court under the unique circumstances of this case by making a bona fide attempt to appeal when they filed their cash deposit in lieu of supersedeas bond within the period required for perfecting their appeal.  The motion is granted, accordingly, 

we establish the clerk’s record and reporter’s record are due May 12, 2003.

ANNE GARDNER

JUSTICE

PANEL D: CAYCE, C.J.; GARDNER and WALKER, JJ.

DELIVERED: April 10, 2003

FOOTNOTES
1:
See 
Tex. R. App. P
. 24 (entitled “Suspension of Enforcement of Judgments Pending Appeal in Civil Cases”); 
see also Renger v. Jeffrey
, 143 Tex. 73, 182 S.W.2d 701, 702 (1944) (orig. proceeding) (noting rules prescribe method of suspending enforcement of judgment while it is on appeal)
; In re Tarrant Co., 
16 S.W.3d 914, 918 (Tex. App.—Fort Worth 2000, orig. proceeding) (noting supersedeas bond preserves status quo of matters pertaining to order from which appeal is taken)
.   
 

2:
9 S.W.3d at 230.