**In the Interest of J.M. and
Z.M., Children.**

No. 12–11–00319–CV.

Court of Appeals of Texas,
Tyler.

Aug. 30, 2012.

Noel D. Cooper, Houston, for Appellant.

Keith R. Bradford and Luisa Petrin Marrero, for Appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and HOYLE, J.

## MEMORANDUM OPINION

JAMES T. WORTHEN, Chief Justice.

K.S. appeals the termination of her parental rights. In four issues, K.S. challenges the order of termination. We dismiss for want of jurisdiction.

### BACKGROUND

K.S. is the mother of two children, J.M., born January 27, 2006, and Z.M., born January 14, 2010. J.D.M.[1] is the father of J.M., and C.M., aka C.S., is the father of Z.M.[2] Neither father is a party to this appeal. Approximately two months after Z.M. was born, the Department of Family and Protective Services (the Department) filed an original petition for protection of J.M. and Z.M., for conservatorship, and for termination of K.S.'s parental rights. The Department was appointed temporary managing conservator of J.M. and Z.M., and K.S. was appointed temporary possessory conservator.

At the conclusion of the trial on the merits, the trial court found, by clear and convincing evidence, that K.S. had engaged in one or more of the acts or omissions necessary to support termination of her parental rights pursuant to Section 161.001(1) of the Texas Family Code. The trial court also determined that termination of the parent-child relationship between J.M., Z.M., and K.S. was in the children's best interest. Based on these findings, the trial court ordered that the parent-child relationship between J.M., Z.M., and K.S. be terminated. Before the termination order was signed, K.S. filed a motion for new trial or, in the alternative, notice of appeal (the "motion"). Further, she filed a request for findings of fact and conclusions of law and a notice of past due findings of fact and conclusions of law. The trial court did not file findings of fact or conclusions of law. The district clerk forwarded K.S.'s motion to this court as a notice of appeal.

### JURISDICTION

In its cross-issue, the Department argues that K.S. has failed to invoke the jurisdiction of this court. More specifical-

---

1. On May 14, 2010, J.D.M. signed an unrevoked or irrevocable affidavit of voluntary relinquishment of parental rights to the Texas Department of Family and Protective Services. Accordingly, on October 5, 2011, the trial court ordered the termination of his parent-child relationship with J.M.

2. On October 5, 2011, the trial court found that C.M., aka C.S., had engaged in one or more of the acts or omissions necessary to support termination of his parental rights pursuant to Section 161.001(1) of the Texas Family Code. However, the trial court determined that termination of the parent-child relationship between Z.M. and C.M., aka C.S., was not in the child's best interest. Based on these findings, the trial court ordered that the parent-child relationship between Z.M. and C.M., aka C.S., not be terminated. Therefore, the trial court ordered that the Department be appointed managing conservator of Z.M. and that C.M., aka C.S., be appointed possessory conservator of Z.M.

ly, the Department contends that K.S.'s motion for new trial with an alternative notice of appeal is a conditional notice of appeal that does not express her present intent to perfect an appeal. Therefore, it argues further, the instrument is not a bona fide attempt to invoke appellate jurisdiction. In her reply brief, K.S. disagrees, arguing that this court has jurisdiction over her appeal because she filed a timely notice of appeal.

### Applicable Law

The procedures for an accelerated appeal under the Texas Rules of Appellate Procedure apply to an appeal in which the termination of the parent-child relationship is in issue. TEX. FAM.CODE ANN. § 109.002(a) (West Supp.2012). In an accelerated appeal, the notice of appeal must be filed within twenty days after the judgment or order is signed. TEX.R.APP. P. 26.1(b). Filing a motion for new trial, any other post-trial motion listed in Rule 26.1(a), or a request for findings of fact will not extend the time to perfect an accelerated appeal. TEX.R.APP. P. 28.1(b); *see also* TEX.R.APP. P. 26.1(a) (stating that post-trial motions include a motion for new trial, a motion to modify the judgment, a motion to reinstate, and a request for findings of fact and conclusions of law. A prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal. TEX.R.APP. P. 27.1(a).

Times for filing a notice of appeal are mandatory and jurisdictional; absent a timely filed notice of appeal or a timely extension request, we must dismiss the appeal. *See* TEX.R.APP. P. 25.1(b), 26.1(b), 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex.1997). It is well-settled law that a court of appeals has jurisdiction over an appeal if the appellant timely files an instrument in a bona fide attempt to invoke the appellate court's jurisdiction. *In re K.A.F.*, 160 S.W.3d 923, 927 (Tex.2005). The factor that determines whether jurisdiction has been conferred on an appellate court is not the form or the substance of the instrument, but whether it "was filed in a bona fide attempt to invoke appellate court jurisdiction." *Walker v. Blue Water Garden Apartments*, 776 S.W.2d 578, 581 (Tex.1989) (quoting *United Ass'n of Journeymen & Apprentices v. Borden*, 160 Tex. 203, 328 S.W.2d 739, 741 (Tex.1959)); *see Warwick Towers Council of Co-Owners v. Park Warwick, LP*, 244 S.W.3d 838, 839 (Tex.2008). A motion for new trial is not an instrument that may be considered a bona fide attempt to invoke the appellate court's jurisdiction. *In re K.A.F.*, 160 S.W.3d at 927.

### Analysis

Here, K.S. filed a document entitled "Respondent's Motion for New Trial or, in the alternative, Notice of Appeal." That document states as follows:

> COMES NOW, the Respondent [K.S.], by and through Counsel in the above-styled and numbered matter, and would show this Honorable Court:
>
> After a contested revocation hearing held September 8th, 2011 (six days prior to the filing of this motion) Respondent's parental rights were terminated.
>
> Respondent files her Motion for New Trial or in the alternative Notice of Appeal pursuant to § 263.405 of the Texas Family Code.
>
> Respondent respectfully moves this Court to accept the original affidavit of indigency since testimony at the hearing established Respondent is still unemployed and no material change in her financial status has occurred.
>
> Respondent respectfully requests a new trial or in the alternative presents

her Notice of Appeal to present her wishes to appeal this case to the 12th Judicial District Court of Appeals, Tyler, Texas.

Respondent's point of issue is the trial court's termination of Respondent's parental rights without the benefit of extending the proceedings an additional six months in order for Respondent to adequately show the Court her rehabilitation, ability to work her Family Service Plan and ability to provide a safe and stable home for the children.

WHEREFORE, PREMISES CONSIDERED, Respondent respectfully moves this Court to grant her a new trial or in the alternative, provides herein formal Notice of Appeal.

■ K.S.'s motion for new trial, standing alone, may not be considered a bona fide attempt to invoke appellate jurisdiction. *See id.* K.S. contends, however, that the inclusion of an alternative notice of appeal shows that she filed the document in a bona fide attempt to invoke this court's jurisdiction. We disagree.

Former Section 263.405(b) of the Texas Family Code stated that a party who intends to request a new trial or appeal a final order must file with the trial court (1) a request for new trial; or (2) if an appeal is sought, a statement of the point or points on which the party intends to appeal. *See* Act of June 16, 2007, 80th Leg., R.S., ch. 526, § 2, 2007 Tex. Gen. Laws 929 (repealed 2011) (current version at Tex. Fam.Code Ann. § 263.405 (West Supp. 2012)). According to former subsection (b–1) of Section 263.405, the statement of points may be combined with a motion for new trial. *See* Act of June 16, 2007, 80th

Leg., R.S., ch. 526, § 2, 2007 Tex. Gen. Laws 929 (repealed 2011). Further, former Section 263.405(i) provides that the appellate court may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 176, § 1, 2003 Tex. Gen. Laws 332 (repealed 2011) (current version at Tex. Fam.Code Ann. § 263.405 (West Supp.2012)). The purpose of former Sections 263.405(b), (b–1), and (i) was to provide the trial court with a mechanism to determine whether an appeal was frivolous and thereby reduce or eliminate unmeritorious parental-termination appeals. *In re T.A.C.W.*, 143 S.W.3d 249, 251 (Tex.App.-San Antonio 2004), *disp. on merits*, No. 04–04–00195–CV, 2004 WL 1835960, at *2 (Tex.App.-San Antonio Aug. 18, 2004, no pet.) (mem. op.). However, due to the amendment and repeal of former Sections 263.405(b), (b–1) and (i), a statement of points on appeal is no longer required.[3] *See* Tex. Fam.Code Ann. § 263.405 (West Supp.2012). Nevertheless, it appears that the instrument filed by K.S. is an attempt to comply with former Section 263.405.

We first note that K.S.'s motion specifically states it is filed pursuant to Section 263.405 of the Texas Family Code. The current version of Section 263.405 does not require the filing of any instrument. *See* Tex. Fam.Code Ann. § 263.405. However, the prior version imposed specific filing requirements for a party seeking a new trial or an appeal. *See* Act of June 16, 2007, 80th Leg., R.S., ch. 526, § 2, 2007

---

**3.** The current, amended version of Section 263.405 of the Texas Family Code is effective for final orders rendered on or after September 1, 2011. *See* Act of May 19, 2011, 82nd Leg., R.S., ch. 75, § 4, 5, 2011 Tex. Sess. Law

Serv. 348, 349 (West) (codified at § 263.405). K.S.'s motion for new trial or, in the alternative, notice of appeal was filed September 14, 2011, thirteen days after the effective date of the new, amended version of Section 263.405.

TEX. GEN. LAWS 929 (repealed 2011). Second, the motion states that K.S. "present[s] her Notice of Appeal to present her wishes to appeal...." That statement is followed by a "point of issue." The first statement informed the trial court that K.S. wanted to appeal, and the second statement informed the court what issue she planned to raise. Taken together, these two statements constitute the statement of points required by the prior version of Section 263.405. *See id.* This information was necessary for the trial court to determine whether the proposed appeal was frivolous. *See In re T.A.C.W.*, 143 S.W.3d at 251. And finally, the prior version of Section 263.405 permitted a party to combine a statement of points on which the party intended to appeal with a motion for new trial. *See* Act of June 16, 2007, 80th Leg., R.S., ch. 526, § 2, 2007 TEX. GEN. LAWS 929 (repealed 2011). K.S. did that here.

■ The current version of the statute applies in this case. *See* Act of May 19, 2011, 82nd Leg., R.S., ch. 75, § 4, 5, 2011 TEX. SESS. LAW SERV. 348, 349 (West) (codified at § 263.405). However, the motion filed by K.S. conforms to the requirements of the former version of Section 263.405. Under the prior law, a statement of points did not invoke appellate jurisdiction. *See In re J.H.G.*, 302 S.W.3d 304, 306 (Tex. 2010); *In re R.B.M.*, 338 S.W.3d 755, 757 (Tex.App.-Houston [14th Dist.] 2011, no pet.). It was merely a prerequisite for the consideration of those issues on appeal. *See* Act of May 27, 2005, 79th Leg., R.S., ch. 176, § 1, 2003 TEX. GEN. LAWS 332 (repealed 2011). Satisfying the prerequisites to an appeal is not the same as invoking appellate jurisdiction. *See In re R.B.M.*, 338 S.W.3d at 757. Therefore, a statement of points was not an instrument that could be considered a bona fide attempt to invoke the appellate court's juris-

diction. *See id.* Even though a statement of points is no longer required, we still cannot say that filing a statement of points constitutes a bona fide attempt to invoke appellate jurisdiction. Consequently, we hold that K.S.'s combined motion for new trial and statement of points does not constitute a bona fide attempt to invoke this court's jurisdiction.

■ Moreover, even if we construed the "notice of appeal" language as a conditional notice of appeal, the result would not change. A conditional notice of appeal contained within a motion for new trial does not express a party's present intention to perfect an appeal. *See Nance v. Evandale Indep. Sch. Dist.*, No. 09–05–221–CV, 2005 WL 2271599, at *2 n. 1 (Tex.App.-Austin Sept. 15, 2005, no pet.) (mem. op.). Therefore, it is not a bona fide attempt to invoke appellate jurisdiction. *See id.* Here, the language in the document implicitly expresses K.S.'s intent to appeal the termination order if her motion for new trial is not granted; it does not express her present intent to perfect an appeal. *See Comeaux v. Ragan*, No. 14–04–00601–CV, 2004 WL 1797572, at *1 n. 1 (Tex.App.-Houston [14th Dist.] Aug. 12, 2004, pet. denied) (mem. op.) (stating that the rules of appellate procedure do not provide for the conditional filing of a notice of appeal, but determination of appellate jurisdiction must be made by an appellate court; a trial court clerk has no discretion to refuse to forward a notice of appeal to the court of appeals). Thus, the inclusion of the "notice of appeal" language in K.S.'s motion is not a bona fide attempt to invoke this court's jurisdiction.

Based upon the foregoing analysis, we hold that K.S. did not file a notice of appeal. *See* TEX.R.APP. P. 26.1(b), 28.1(b). Therefore, because K.S. did not perfect her appeal by timely filing a notice of

appeal, we are without jurisdiction to consider this appeal.

### *DISPOSITION*

Having held that K.S. did not perfect her appeal, we *dismiss* the appeal for *want of jurisdiction.*