

**THE SUPREME COURT OF TEXAS**
Post Office Box 12248
Austin, Texas 78711

(512) 463-1312

---

March 15, 2013

Mr. Noel D. Cooper
Law Ofcs. of Noel D. Cooper
117 North Street, Suite 2
Nacogdoches, TX 75961-5269

Mr. Michael C. Shulman
Texas Department of Family & Protective
Svcs.
PO Box 149030, MC: Y-956
Austin, TX 78714-9030

RE:     Case Number: 12-0836
        Court of Appeals Number: 12-11-00319-CV
        Trial Court Number: C1026137

Style:  IN THE INTEREST OF J.M. AND Z.M., MINOR CHILDREN

FILED IN COURT OF APPEALS
12th Court of Appeals District

MAR 18 2013

TYLER TEXAS
CATHY S. LUSK, CLERK

Dear Counsel:

Today the Supreme Court of Texas issued an opinion in the above-referenced cause. A copy of the opinion(s) can be obtained through Case Search on our Court's webpage at: http://www.supreme.courts.state.tx.us/.

Please note the Supreme Court is transitioning to an exclusively email-based noticing procedure in lieu of letters and postcards. In the interim, attorneys will receive both paper and email noticing. Please include email addresses for ALL ATTORNEYS (including opposing counsel) wherever their contact information appears. If you do not receive email notice of a disposition in your case, please alert the Clerk's office to update your information.

Sincerely,

Blake A. Hawthorne

Blake A. Hawthorne, Clerk
by Claudia Jenks, Chief Deputy Clerk

cc:  Mr. James R. Lostracco Jr.
     Ms. Cathy S. Lusk
     Ms. Loretta Cammack

# IN THE SUPREME COURT OF TEXAS

No. 12-0836

IN THE INTEREST OF J.M. AND Z.M., MINOR CHILDREN

ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE TWELFTH DISTRICT OF TEXAS

**PER CURIAM**

In this parental termination case, we determine whether a motion for new trial and notice of appeal combined in one document can invoke appellate jurisdiction. The court of appeals determined that the combined filing at issue in this appeal did not confer appellate jurisdiction and therefore failed to reach the merits of the appeal. Because the combined filing was titled a notice of appeal and expressed the party's intent to appeal to the court of appeals, we conclude the document was a bona fide attempt to invoke appellate jurisdiction. Accordingly, we reverse the judgment of the court of appeals and remand for the court to consider the merits of the appeal.

Kimberly Spencer is the mother of J.M. and Z.M. The Department of Family and Protective Services (DFPS) petitioned to terminate Spencer's parental rights. At the conclusion of the trial, the trial court ordered the termination of Spencer's parent-child relationship with the children. Before the trial court signed the termination order, Spencer's trial counsel filed a "Motion for New Trial or, in the Alternative, Notice of Appeal." Two days after filing this document, Spencer's trial counsel

filed a motion to withdraw, citing Spencer's desire to appeal and the fact that he "does not do appellate work." The motion to withdraw reiterated that the "Motion for New Trial and Notice of Appeal has been filed," but that no hearing had been set. Less than a month later, the trial court signed the termination order, granted the motion to withdraw, and appointed appellate counsel. The district clerk forwarded Spencer's "Motion for New Trial or, in the Alternative, Notice of Appeal" to the appellate court as a notice of appeal, but the court of appeals dismissed the suit for want of jurisdiction, holding that Spencer's combined filing was not a bona fide attempt to invoke its appellate jurisdiction. __ S.W.3d __, __. We disagree.

The Legislature has given precedence to appeals involving the termination of the parent-child relationship over other civil cases and made such appeals subject to the Texas Rules of Appellate Procedure for accelerated appeals. TEX. FAM. CODE § 109.002(a). In an accelerated appeal, the appellant must file a notice of appeal within 20 days after the trial court signs its judgment or order. TEX. R. APP. P. 26.1(b). A party generally perfects its appeal by filing a written notice of appeal with the trial court clerk, TEX. R. APP. P. 25.1(a), but if (as here) a notice of appeal is prematurely filed, it is "deemed filed on the day of, but after, the event that begins the period for perfecting the appeal." TEX. R. APP. P. 27.1(a). Filing a notice of appeal invokes the court of appeal's jurisdiction over the parties to the trial court's judgment or order. TEX. R. APP. P. 25.1(b).

In cases challenging the validity of a notice of appeal, "this Court has consistently held that a timely filed document, even if defective, invokes the court of appeals' jurisdiction." *Sweed v. Nye*, 323 S.W.3d 873, 875 (Tex. 2010). The primary "factor which determines whether jurisdiction has been conferred on the appellate court is not the form or substance of the bond, certificate or affidavit,

2

but whether the instrument was filed in a bona fide attempt to invoke appellate court jurisdiction." *Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (quotation marks omitted). As long as "the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal." *Grand Prairie Indep. Sch. Dist. v. S. Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991); *see also* TEX. R. APP. P. 44.3 ("A court of appeals must not . . . dismiss an appeal for formal defects or irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities."); TEX. R. APP. P. 42.3 (providing that a court may dismiss an appeal for want of jurisdiction "after giving ten days' notice to all parties").

Spencer's "Motion for New Trial or, in the Alternative, Notice of Appeal" indicated that Spencer was attempting to invoke the appellate court's jurisdiction. The document stated that Spencer "wishes to appeal this case to" the court of appeals; further, it was partly entitled a notice of appeal. Nothing in our Rules of Appellate Procedure or our jurisprudence prevents a party from combining a notice of appeal with a motion for new trial (or filing both the motion and notice simultaneously).

The court of appeals here focused on the motion for new trial portion of the filing and relied on *In re K.A.F.*, 160 S.W.3d 923 (Tex. 2005), to conclude that the motion for new trial was not a bona fide attempt to invoke appellate jurisdiction. __ S.W.3d at __. In *K.A.F.*, we indeed held that a combined filing of a motion for new trial and a motion to modify judgment did not qualify as a substitute for a notice of appeal, but there neither portion of the combined filing addressed the

3

appellate court. 160 S.W.3d at 928. Here, the notice of appeal portion addresses the appellate court. Moreover, giving effect to the notice of appeal portion does not render the motion for new trial portion meaningless: the trial court retained plenary power over the case to grant or deny the motion for new trial. TEX. R. CIV. P. 329b(d) ("The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."). If the trial court does not grant the motion for new trial by the time its plenary power expires, the case is still within the appellate court's jurisdiction.

In sum, Rule of Appellate Procedure 25.1 provides that an appeal is perfected and the appellate court's jurisdiction is invoked when a written notice of appeal is filed with the trial court clerk. TEX. R. APP. P. 25.1. We have held that a party complies with Rule 25.1 by making a bona fide attempt to invoke appellate jurisdiction. *Warwick Towers*, 244 S.W.3d at 839. The present filing expressed an intent to appeal to the court of appeals and was partially entitled a notice of appeal, which constituted a bona fide attempt to invoke appellate jurisdiction upon its filing with the trial court clerk. Therefore, we reverse the judgment of the court of appeals and remand to the court of appeals for further proceedings consistent with this opinion.


Opinion Delivered: March 15, 2013

4