

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-13-0033-CV

_____

HAWA FOFANAH, APPELLANT

V.

U. S. BANK NATIONAL ASSOCIATION, NOT IN ITS
INDIVIDUAL CAPACITY BUT SOLELY AS LEGAL TITLE
TRUSTEE FOR LVS TITLE TRUST I, APPELLEE

On Appeal from the County Court at Law
Ellis County, Texas
Trial Court No. 12-C-3479, Honorable Jim Chapman, Presiding

April 2, 2013

DISSENTING OPINION

Before Quinn, C.J., and Hancock and Pirtle, JJ.

On November 19, 2012, acting *pro se,* Appellant, Hawa Fofanah, filed a document entitled *Notice of Appeal,* indicating her desire to appeal a judgment of the County Court at Law No. 1, Ellis County, Texas, rendered on November 14, 2012, in favor of Appellee, U.S. Bank National Association, as Legal Title Trustee for LVS Trust

I. That notice contained a certificate of service indicating that a true copy of the notice was sent by certified mail to the "attorney that submitted Order, Barrett Faffin Frappier Turner & Engel, LLP. 1500 Surveyor Blvd., Ste. 100, Addison, Texas 75001." The clerk's record contains a judgment in favor of the Plaintiff, U.S. Bank National Association, as Legal Title Trustee for LVS Trust I, signed November 14, 2012, which bears the statement, "ORDER SUBMITTED BY . . . BARRETT DAFFIN FRAPPIER TURNER & ENGEL, LLP . . . ATTORNEY FOR PLAINTIFF." Because "this certificate does not identify the date of service or the name of the party represented by the law firm that was served" the majority has decided to dismiss this appeal for failure to comply with the Court's directive to amend that notice. Because I believe that information is apparent from the record, that Appellant's notice of appeal was a bona fide attempt to invoke appellate court jurisdiction, and that an amended notice was never necessary, I dissent.

In cases challenging the validity of a notice of appeal, the Texas Supreme Court has consistently held that a timely filed document, even if defective, invokes the court of appeals' jurisdiction. *Sweed v. Nye,* 323 S.W.3d 873, 875 (Tex. 2010). An appellate court should not elevate form or substance over a bona fide attempt to invoke appellate court jurisdiction and comply with an appellate court directive. *In the Interest of J.M. and Z.M.,* No. 12-0836, 2013 Tex. LEXIS 209, at *3, 56 Tex. Sup. J. 383 (Tex. March 15, 2013). Accordingly, I believe Appellant has complied with all necessary procedural requirements.

Patrick A. Pirtle
Justice

2