# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-13-00290-CV

**Zenaida Gantan and Virginia Jaimes, Appellants**

**v.**

**Federal National Mortgage Association, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
### NO. 12-1294-CC4, HONORABLE JOHN MCMASTER, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Appellants Zenaida Gantan and Virginia Jaimes have appealed a trial court judgment in a de novo eviction appeal from justice court. The trial court's judgment was signed on March 5, 2013. The notice of appeal contained in the clerk's record is file-stamped April 30, 2013, and the record does not contain any post-judgment motion that would have extended the normal 30-day appellate deadline, nor a filing within 15 days thereafter from which an extension request might be implied.[1] Accordingly, the Clerk of this Court sent appellants a notice observing that the notice of appeal facially appeared to be untimely and requesting that appellants supply proof of timely filing.[2] Appellants responded with

---

[1] *See* Tex. R. App. P. 26.1; *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997) (motion for extension of time to perfect an appeal is implied when an appellant files a notice of appeal outside the thirty days provided by rule 26.1 but within fifteen days of deadline to file motion for extension).

[2] *See* Tex. R. App. P. 42.3(c); *see also* Tex. Gov't Code § 22.220(c) ("Each court of appeals may, on affidavit or otherwise, as the court may determine, ascertain the matters of fact that are necessary to the proper exercise of its jurisdiction.").

an affidavit from their counsel. Appellee Federal National Mortgage Association (Federal) also filed a "motion to dismiss untimely appeal" for want of jurisdiction, to which it attached an affidavit from its own counsel.

The undisputed evidence confirms that appellants' notice of appeal was not filed with the trial court's clerk—the Williamson County Clerk—until April 30, 2013, but also reflects that appellants had attempted to invoke appellate jurisdiction within the 30-day appellate deadline in two ways. First, appellants' counsel had transmitted appellants' notice of appeal to the Williamson County Clerk by facsimile on March 22, 2013, which the Clerk received but declined to file because she was not authorized to do so by the applicable local rules.[3] Second, appellants had complied with provisions of the trial court's judgment that allowed them to supersede the judgment pending appeal by paying a cash deposit of $12,000 in lieu of bond through monthly installments of $1,500 due by the 9th of each month.[4] The first such installment came due on November 9, 2012, and appellants timely made that payment and each successive payment coming due since.[5] It is also undisputed, and of note, that

---

[3] *See* Tex. Gov't Code §§ 51.803(b) (prohibiting filing of electronically transmitted documents unless "the district, county, or court of appeals has established a system for receiving electronically transmitted information from an electronic copying device, and the system has been approved by the supreme court"), .807 (requiring supreme court approval of local rules governing filing by facsimile); Williamson (Tex.) Dist. Ct. & Cnty. Ct. at Law Loc. R. I, F (providing procedure for District Clerk of Williamson County to receive and file electronically transmitted court documents, but not addressing County Clerk).

[4] *See* Tex. R. App. P. 24.1(a)(3), (c), 24.2(a)(2).

[5] Although not signed until March 5, 2013, the judgment memorialized that the trial court had held the de novo hearing on November 2, 2012, awarded possession to Federal, and imposed the supersedeas conditions described above.

appellants' counsel served the notice of appeal on Federal's counsel by facsimile on March 22, 2013, and that Federal's counsel received it.

While we express no opinion as to any implications of appellants' attempts to file their notice of appeal by facsimile in the absence of local rules that would authorize it, we conclude that appellants' payments of multiple installments of a cash deposit in lieu of a supersedeas bond represents the sort of "bona fide attempt" to invoke appellate jurisdiction that confers such jurisdiction and would require us to afford appellants a reasonable opportunity to file their notice of appeal to cure the formal defect.[6] We also observe that Federal does not claim any surprise or unfair prejudice from allowing the appeal to go forward under these circumstances, nor would such a claim be credible where Federal acknowledges being timely served with the notice of appeal and, for this reason and through appellants' actions to supersede the judgment, "clearly knew long before the notice of appeal was due that Appellants intended to appeal."[7] Accordingly, as a formal matter, we grant an extension of the period in which to file the notice of appeal until April 30, 2013, so as to make timely the notice that appellants filed on that date. We overrule Federal's motion to dismiss.

It is ordered on June 7, 2013.

Before Justices Puryear, Pemberton, and Rose

---

[6] *See Gregorian v. Ewell*, 106 S.W.3d 257, 258–60 (Tex. App.—Fort Worth 2003, no pet.) (holding that appellants had similarly invoked appellate jurisdiction, notwithstanding filing their notice of appeal late, by filing a cash deposit to supersede the judgment within the appellate deadlines); *see also*, *e.g.*, *Warwick Towers Council of Co-Owners v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam) (summarizing the governing principles and policies).

[7] *Gregorian*, 106 S.W.3d at 260.