**Motion to Dismiss Denied; Motion to Review Supersedeas Denied; Order filed August 26, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00616-CV

### DAVID ISAAC CISNEROS, Appellant

### V.

### LAURETTE CISNEROS, Appellee

**On Appeal from the County Civil Court at Law No. 1
Harris County, Texas
Trial Court Cause No. 1047022**

## O R D E R

This is an appeal from a judgment signed June 2, 2014, in a forcible detainer action. On June 11, 2014, appellant filed a bond in the amount of $100, which was the amount set by the trial court to supersede the judgment. *See* Tex. Prop. Code § 24.007(a) (providing "a judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within 10 days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court"). The clerk's record reflects that after the statutory deadline for

filing a supersedeas bond had passed, appellee moved for issuance of a writ of possession in the court below, asserting that appellant's supersedeas bond was defective because it was not the original instrument. *See* Tex. R. App. P. 24.1(a)(2) (providing a judgment debtor may supersede a judgment by filing "a good and sufficient bond"); *see also* Harris Cnty. (Tex.) Cts. Loc. R. 3.3(a)(ii) (excepting bonds from the rule providing for electronic filing).[1] The record reflects appellant filed the original bond on June 18, 2014, after the statutory deadline. Appellee also asserted the bond was defective because it states "Plaintiff will pay to the Defendant" the bond amount instead of being payable to the judgment creditor. *See* Tex. R. App. P. 24.1(b)(1)(B) (providing the bond must be payable to the judgment creditor).

Appellant filed a response in opposition to appellee's motion to issue a writ of possession. On July 3, 2014, the trial court signed an order granting appellant an extension of time to submit a corrected supersedeas bond and raising the amount of the security required to $1,000. Appellee filed a motion to reconsider the trial court's July 3, 2014, order granting appellant additional time to supersede the judgment. Appellant filed a response in opposition to appellee's motion on July 7, 2014. On July 8, 2014, appellant filed a cash deposit in lieu of the $1,000 bond. Appellant's notice of appeal was filed July 23, 2014.

In this court, appellee filed a motion to dismiss the appeal, asserting that appellant's notice of appeal is untimely. *See* Tex. R. App. P. 42.3(a). Appellee also

---

[1] Appellee's cited authorities address certificates filed in lieu of a bond under the former rules of appellate procedure and are not on point. *See Mercantile Bank & Trust v. Cunov*, 713 S.W.2d 717, 718 (Tex. App.—San Antonio 1987, no writ) (citing predecessor rule and holding a deposit of nonnegotiable receipts was insufficient to suspend execution); *Stiles, Inc. v. Evans*, 658 S.W.2d 676, 677 (Tex. Civ. App.—Dallas, 1983, writ ref'd n.r.e.) (citing the former rules and holding the judgment was not superseded where appellant filed a certificate in lieu of a bond that did not constitute a bond because no surety was named and did not establish a deposit was made in lieu of bond).

filed a motion asking that we review the trial court's ruling granting appellant an extension of time to file a corrected supersedeas bond. *See* Tex. R. App. P. 24.4(a)(4). Appellant filed a response in opposition.

The notice of appeal must be filed within thirty days after the judgment is signed when appellant has not filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusion of law. *See* Tex. R. App. P. 26.1. According to the record, appellant did not file a timely motion for new trial or other post-judgment motion. Therefore, appellant's notice of appeal was due on or before July 2, 2014.

A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day grace period provided by Rule 26.3 for filing a motion for extension of time. *See Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (1997) (construing the predecessor to Texas Rule of Appellate Procedure 26). The fifteen-day grace period expired July 17, 2014. Appellant's notice of appeal was filed July 23, 2014, beyond the fifteen-day period provided by Rule 26.3.

Neither appellee's post-judgment motions for issuance of a writ of possession and for reconsideration nor appellant's responses thereto operated to extend the appellate timetable. *See* Tex. R. App. P. 26.1. An order modifying security does not constitute a modification of the judgment that will extend the time to perfect an appeal. The purpose of filing a bond or cash deposit "is to protect assets during an appeal." *Gregorian v. Ewell*, 106 S.W.3d 257, 259 (Tex. App.—Fort Worth 2003, no pet.) (recognizing that an order that determined the sufficiency of the cash deposit in lieu of supersedeas did not extend the appellate timetable).

The trial court's plenary power expired July 2, 2014, thirty days after its

final judgment was signed. *See* Tex. R. Civ. P. 329b(d). After the trial court's plenary power has expired, the trial court has continuing jurisdiction to order the amount and type of security, decide the sufficiency of sureties, and, if circumstances change, modify the amount or type of security required to continue the suspension of a judgment's execution. Tex. R. App. P. 24.3(a); *see also Miller v. Kennedy & Minshew, P.C.*, 80 S.W.3d 161, 164 (Tex. App.—Fort Worth 2002, no pet.).

The Supreme Court of Texas repeatedly has urged courts of appeals to interpret the appellate rules, whenever possible, to achieve the aim of furthering resolution of appeals on the merits. *See Warwick Towers Council of Co–Owners ex rel. St. Paul Fire & Marine Ins. Co. v. Park Warwick, L.P.*, 244 S.W.3d 838, 839 (Tex. 2008) (per curiam) (requiring court of appeals to grant appellant an opportunity to amend a defective notice of appeal); *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002) (relaxing the time deadline for filing a statement of points or issues under rule 34.6(c)(1) absent a complaint of prejudice). A court of appeals has jurisdiction if an appellant files an instrument that is improper but constitutes a bona fide attempt to invoke appellate jurisdiction. *Linwood v. NCNB Tex.*, 885 S.W.2d 102, 103 (Tex. 1994) (holding improper filing of notice of appeal, rather than required cost bond under former rules, sufficed as bona fide attempt to invoke appellate jurisdiction); *Grand Prairie I.S.D. v. S. Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991) (applying the prior version of the appellate rules, which made the cost bond rather than a notice of appeal the perfecting instrument, and holding that the court of appeals must give appellant filing an improper document in a bona fide effort to perfect an appeal an opportunity to correct the error by filing the correct instrument).

The Second Court of Appeals has granted appellants an extension of time to perfect an appeal in a situation similar to the one at issue. *See Gregorian*, 106

S.W.3d at 258–60. The court held that appellants invoked the court's jurisdiction by making a bona fide attempt to appeal when they filed their cash deposit in lieu of supersedeas bond within the period required for perfecting their appeal. *Id.* at 260. The Third Court of Appeals ruled similarly in an appeal in a forcible detainer action. *See Epstein v. Bank of Am., N.A.*, No. 03-13-00608-CV, 2013 WL 6002876 (Tex. App.—Austin Nov. 8, 2013, no pet.) (mem. op.). The court held "the deposit of the amount of security ordered by the trial court to supersede the judgment—an action whose purpose and effect is to prevent enforcement of the trial court's judgment during an appeal—represents the sort of 'bona fide attempt' to invoke appellate jurisdiction that confers such jurisdiction." *Id.* at *2. The Supreme Court of Texas, applying former Rule of Appellate Procedure 41(a)(1), held that an affidavit in lieu of cost bond filed within the fifteen-day time for filing a motion for extension of time to perfect the appeal, implied a motion for extension, subject to establishing a reasonable basis for the extension. *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *see also Grand Prairie I.S.D.*, 813 S.W.2d at 500 (holding that the filing of a notice of appeal rather than a cost bond under the former rules sufficed as a bona fide attempt to appeal).

Based on these authorities, we conclude that appellant made a bona fide attempt to invoke our jurisdiction when he filed a supersedeas bond and later a cash deposit in lieu of the increased bond. By depositing the cash within the fifteen-day period for filing an extension of time, a motion for extension of time is implied. *See Jones,* 976 S.W.2d at 677; *Epstein*, 2013 WL 6002876 at *2; *Gregorian*, 106 S.W.3d at 258. Appellant is still obligated to come forward with a reasonable explanation to support the late filing, however. *See Miller v. Greenpark Surgery Ctr. Assocs., Ltd.*, 974 S.W.2d 805, 808 (Tex. App.—Houston [14th Dist.] 1998, no pet.). We grant appellant an opportunity to file a motion for extension of time to perfect his appeal providing an explanation for the late filing on or before

**September 9, 2014**. *See* Tex. R. App. P. 26.3, 10.5(b). We deny appellee's motion to dismiss the appeal for want of jurisdiction. If appellant fails to comply with this order**,** however, the court shall dismiss the appeal. *See* Tex. R. App. P. 42.3(a).

We also deny appellee's motion challenging the trial court's order granting appellant an extension of time to file a corrected supersedeas bond. Texas Property Code section 24.007(a) provides that a judgment of a county court in an eviction suit may not under any circumstances be stayed pending appeal unless, within ten days of the signing of the judgment, the appellant files a supersedeas bond in an amount set by the county court. *See* Tex. Prop. Code § 24.007(a). This statute does not state, however, that the original bond, as opposed to a copy of the bond, must be filed within ten days of the signing of the judgment. *See id*. Appellant timely filed a copy of the bond in an amount set by the trial court. *See* Tex. Prop. Code § 24.007(a). Although it is noted that the bond is a copy, the record does not reflect that the clerk failed to approve it. *See* Tex. R. App. P. 24.1(b)(2) ("To be effective a bond must be approved by the trial court clerk."). Appellant argued in the court below that the clerk accepted the bond, but instructed him to file the original as soon as possible. Appellee cites no authority precluding amendment of a defective bond. We conclude that Property Code section 24.007(a) may be satisfied by the timely filing of a copy of the bond under the circumstances presented in this case. The trial court has continuing jurisdiction to modify a supersedeas bond. *See* Tex. R. App. P. 24.3(a); *see also Whitmire v. Greenridge Place Apts.*, 333 S.W.3d 255, 260 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd). An appellant may be required to file a new bond to cure defects. *See Davis v. Jefferies*, 764 S.W.2d 559, 560 (Tex. 1989) (applying former Tex. R. App. P. 46(f)). This court may require the amount of the bond increased or order a new bond. Tex. R. App. P. 24.4(d). If we do so, enforcement is suspended for  twenty days to give appellant an opportunity to comply. Tex. R. App. P. 24.4(e). Therefore, the rules contemplate

modifications to the supersedeas requirements and the security posted. We conclude the trial court acted within its discretion in granting appellant an opportunity to amend his defective bond and deny appellee's motion challenging this order.

PER CURIAM

Panel consists of Chief Justice Frost and Justices Christopher and Donovan.

Publish.