ACCEPTED
02-14-00395-CV
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
1/20/2015 3:02:45 PM
DEBRA SPISAK
CLERK

No. 02-14-00395-CV

IN THE SECOND DISTRICT COURT OF APPEALS
FORT WORTH, TEXAS

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS
01/20/2015 3:02:45 PM
DEBRA SPISAK
Clerk

RICHARD F. WALSH, MEDICA-RENTS CO., LTD, AND MED-RCO, INC.,
*Appellants,*

v.

WOUNDKAIR CONCEPTS, INC., DAN ANDERSON, AND KIM ANDERSON,
*Appellees.*

On Appeal from the 17th Judicial District Court
Tarrant County, Texas
Cause No.17-217058-06

REPLY SUPPORTING APPELLATE JURISDICTION

Stephen L. Tatum
State Bar No. 19674500
statum@canteyhanger.com
Ryan Logan Valdez
State Bar No. 24037627
rvaldez@canteyhanger.com
John S. Polzer
State Bar No. 24042609
jpolzer@canteyhanger.com
CANTEY HANGER, L.L.P.
Cantey Hanger Plaza
600 West 6th Street
Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Facsimile: (817) 877-2807

J. Lyndell Kirkley
State Bar No. 11523000
kirkley@kbblawyers.com
THE KIRKLEY LAW FIRM, LLP
100 N. Forest Park Boulevard
Suite 220
Fort Worth, Texas 76102
Telephone: (817) 335-3311
Facsimile: (817) 335-7733

Douglas W. Alexander
State Bar No. 00992350
dalexander@adjtlaw.com
Amy Warr
State Bar No. 00795708
awarr@adjtlaw.com
ALEXANDER DUBOSE
JEFFERSON & TOWNSEND LLP
515 Congress Avenue
Suite 2350
Austin, Texas 78701-3562
Telephone: (512) 482-9300
Facsimile: (512) 482-9303

ATTORNEYS FOR APPELLANTS

# TABLE OF CONTENTS

Index of Authorities .................................................................................... ii

Argument.................................................................................................1

I.      An extension of time is warranted..............................................1

II.     This Court has jurisdiction to grant the extension of time. ...........................3

Prayer .....................................................................................................7

Certificate of Service ..............................................................................9

# INDEX OF AUTHORITIES

**Cases**

*Bennett v. Cochran*,
   96 S.W.3d 227 (Tex. 2002)...................................................................8

*City of Houston v. Little Nell Apartments, L.P.*,
   424 S.W. 3d 640 (Tex. App.—Houston [14th Dist.] 2014, pet.
   filed)...................................................................................................8

*Crump v. Hill*,
   104 F.2d 36 (5th Cir. 1939) .................................................................7

*Gregorian v. Ewell*,
   106 S.W.3d 257 (Tex. App.—Ft. Worth 2003, no pet.).........................3, 4, 5, 8

*In re J.M.*,
   396 S.W.3d 528 (Tex. 2013) ................................................................3, 6, 7

*In re J.M.*,
   396 S.W.3d 609 (Tex. App.—Tyler 2012), *rev'd*, *J.M.*, 396 S.W.3d
   at 529..................................................................................................6, 7

*In re L.C.W.*,
   411 S.W.3d 116 (Tex. App.—El Paso 2013, no pet.) .........................8

*Verburgt v. Dorner*,
   959 S.W.2d 615 (Tex. 1997) ................................................................8

**Rules**

TEX. R. APP. P. 26.1(a)................................................................................4

TEX. R. APP. P. 26.3 ....................................................................................4

**ARGUMENT**

In response to the Court's inquiry about appellate jurisdiction, Medica-Rents moved for an extension of time to file its notice of appeal and established its entitlement to that relief. Medica-Rents' Br. at 15-19. The Appellee, Woundkair, does not argue that the Court should deny the extension as an exercise of its discretion. In fact, Woundkair does not dispute that (1) Medica-Rents provided a reasonable explanation for its untimely notice, and (2) granting the extension would cause no prejudice to Woundkair, because it was fully aware that Medica-Rents intended to appeal.

Regardless, Woundkair asserts, there is a "gotcha." Woundkair contends that, despite the clear equities, the Court lacks authority to grant the extension of time. Woundkair Br. at 15. That is incorrect. Under its own precedent and that of the Texas Supreme Court, this Court has jurisdiction to grant the extension. *See In re J.M.*, 396 S.W.3d 528 (Tex. 2013) (per curiam); *Gregorian v. Ewell*, 106 S.W.3d 257 (Tex. App.—Ft. Worth 2003, no pet.).

## I.    An extension of time is warranted.

After the jury returned a $4.4 million verdict against Medica-Rents, its attorneys immediately began taking the necessary steps to challenge the verdict in the trial court and on appeal. They filed a motion for judgment notwithstanding the verdict. After judgment was entered, they renewed the JNOV motion and moved for new trial, extending the appellate deadlines. Medica-Rents Br. Ex. C. They

requested the record. *Id.* Ex. B. They urged the trial court, orally and in writing, to grant the new trial to avert a costly, but otherwise inevitable, appeal. *Id.* Exs. E, H.

They did all of these things within 105 days of the judgment—the relevant time period for perfecting appeal (90 days) and extending the time to do so (an additional 15 days). TEX. R. APP. P. 26.1(a), 26.3. The only action Medica-Rents' attorneys did *not* take within the 105 days was to file a formal notice of appeal, because they mistakenly believed the deadline was several weeks later. Medica-Rents Br. Exs. F, G.

Woundkair neither disputes these facts nor alleges that the failure to file was deliberate or intentional. To the contrary, it acknowledges that Medica-Rents' attorneys' failure was due to a "good faith and mistaken belief about the deadline" for the notice of appeal. Woundkair Br. at 15. Neither does Woundkair assert any prejudice. It does not dispute that it was fully aware of Medica-Rents' intent to appeal the adverse judgment. *See Gregorian*, 106 S.W. 3d at 260 (granting extension of time for notice of appeal in the absence of surprise or prejudice). Nor could it. The record shows that Woundkair participated in multiple on-the-record or written discussions regarding Medica-Rents' appeal, including the amount and timing of the supersedeas bond. Medica Rents Br. at 13 n.30, 16, Exs. E, I. The undisputed equities, therefore, overwhelmingly weigh in favor of granting the extension.

**II.   This Court has jurisdiction to grant the extension of time.**

Woundkair contends that the failure to timely file the notice of appeal is "incurable." Woundkair Br. at 15.  Not so. This Court has authority to grant the Appellants' motion for extension of time because this case fits squarely under the Supreme Court's decision in *J.M.* and this Court's decision in *Gregorian*.

Woundkair first argues that Medica-Rents could not have made a bona-fide effort to appeal within the 105-day window because it mistakenly believed that the notice of appeal was due weeks later and planned to file it on that date.  Woundkair Br. at 5.  But that argument proves too much; it would prevent any appeal where the notice of appeal was incorrectly calendared.  This Court has made clear that even when there is a mistake about the deadline, other timely-filed documents can demonstrate the appellant's desire to appeal. *Gregorian*, 106 S.W.3d at 258 (holding that cash deposit in lieu of supersedeas bond was sufficient to invoke appellate jurisdiction where notice of appeal was filed 30 days late because of calendaring mistake).

There is no material difference between knowing what the correct date is to file a notice of appeal but making a mistake in calendaring it and being mistaken about the correct date.  Both are good-faith mistakes of a type that should not divest an appellate court of jurisdiction when, as here, the appellant has timely filed an instrument demonstrating its desire to appeal.

Woundkair also contends that none of the documents that Medica-Rents filed during the 105-day window provided notice of its *present* (rather than future) intent to appeal. That is incorrect. Medica-Rents' December 5, 2014, letter to the trial court clearly and unequivocally stated that Medica-Rents intended to appeal if its post-judgment motions were denied. Woundkair attempts to dismiss this letter as discussing only the "possibility" of an appeal, Woundkair Br. at 11, but its language is definite and direct: Medica-Rents stated that it "will be forced to appeal." Medica-Rents Br. App. H at 4.

Woundkair further contends that this letter is insufficient to invoke appellate jurisdiction on the ground that it expresses, at most, a "conditional, future intent to appeal." Woundkair Br. at 2. But the Texas Supreme Court rejected just such an argument in *J.M.*

In that case, the losing party timely filed a "Motion for New Trial or, in the Alternative, Notice of Appeal." *J.M.*, 396 S.W.3d at 529. The court of appeals dismissed the appeal for want of jurisdiction because "[a] conditional notice of appeal contained within a motion for new trial does not express a party's present intention to perfect an appeal." *In re J.M.*, 396 S.W.3d 609, 613 (Tex. App.—Tyler 2012), *rev'd*, *J.M.*, 396 S.W.3d at 529. The court of appeals reasoned that the conditional notice was not a bona fide attempt to invoke appellate jurisdiction because it expressed the party's "intent to appeal the termination order if her motion

4

for new trial is not granted; it does not express her present intent to perfect an appeal." *Id*.

The Texas Supreme Court reversed, holding that "the present filing expressed an intent to appeal to the court of appeals and was partially entitled a notice of appeal, which constituted a bona fide attempt to invoke appellate jurisdiction upon its filing with the trial court clerk." *J.M.*, 396 S.W.3d at 531. Unlike the court of appeals, the Supreme Court gave no weight to the notice's conditional nature. *See id.*[1]

Similarly, the contingent nature of Medica-Rents' statement of intent to appeal is immaterial. The key is whether it "expressed an intent to appeal," *J.M.*, 396 S.W.3d at 531, and it did. In *J.M.*, the party advanced its notice of appeal "in the alternative" to its motion for new trial. *Id*. at 529. Medica-Rents gave, in substance, an identical statement of intent: it would appeal if the trial court denied its postjudgment motions. Medica-Rents Br. at App. H. at 4.

The only difference is that the party in *J.M.* included the words "Notice of Appeal" in the title of its document. *J.M.*, 396 S.W.3d at 529. However, although the title "Notice of Appeal" can indicate the requisite intent to appeal, such a title is not required; indeed, the "primary factor . . . is not the form or substance" of the instrument, but its intent. *Id*. at 530; *Crump v. Hill*, 104 F.2d 36, 38 (5th Cir. 1939)

---

[1] Woundkair relies on a long list of court of appeals decisions that rely on the same reasoning the Supreme Court rejected in *J.M*. *See* Woundkair Br. at 4-5. All of these cases pre-date *J.M.*; thus, the Court should not rely upon them.

5

(holding that "failure to comply formalistically" with notice-of-appeal requirements should not "defeat[] substantial rights."); *In re L.C.W.*, 411 S.W.3d 116, 121 (Tex. App.—El Paso 2013, no pet.) (applying *J.M.* and holding that party's filing containing grounds for appeal was bona-fide attempt to invoke appellate jurisdiction even though not a "notice of appeal"); *City of Houston v. Little Nell Apartments, L.P.*, 424 S.W. 3d 640, 645-46 (Tex. App.—Houston [14th Dist.] 2014, pet. filed) (citing *J.M.* to hold that co-party should be permitted to appeal even though he was not named in the notice of appeal).

This case is analogous to *J.M.* The intent expressed in the filed documents is the same in both cases: a clear, unambiguous intent to appeal an adverse judgment.

As this Court has observed, "appellate courts should not dismiss an appeal for a procedural defect 'whenever any arguable interpretation of the Rules of Appellate Procedure would preserve the appeal.'" *Gregorian*, 106 S.W.3d at 258 (quoting *Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997)). Those courts should "interpret[] the appellate rules, wherever possible, to achieve the aim of furthering resolution of appeals on the merits." *Id.* (quoting *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002)). The rules can be interpreted to support jurisdiction here, and this Court should do so.

**PRAYER**

Dismissal is not warranted. Therefore, this appeal should proceed to briefing and disposition on the merits.

Respectfully submitted,


/s/ Douglas W. Alexander
Douglas W. Alexander
State Bar No. 00992350
dalexander@adjtlaw.com
Amy Warr
State Bar No. 00795708
awarr@adjtlaw.com
ALEXANDER DUBOSE JEFFERSON &
TOWNSEND LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701-3562
Telephone: (512) 482-9300
Facsimile:  (512) 482-9303

Stephen L. Tatum
State Bar No. 19674500
statum@canteyhanger.com
Ryan Logan Valdez
State Bar No. 24037627
rvaldez@canteyhanger.com
John. S. Polzer
State Bar No. 24042609
jpolzer@canteyhanger.com
CANTEY HANGER, L.L.P.
Cantey Hanger Plaza
600 West 6th Street, Suite 300
Fort Worth, Texas 76102
Telephone: (817) 877-2800
Facsimile:  (817) 877-2807

J. Lyndell Kirkley
State Bar No. 11523000
kirkley@kbblawyers.com
THE KIRKLEY LAW FIRM, LLP
100 N. Forest Park Boulevard, Suite 220
Fort Worth, Texas 76102
Telephone: (817) 335-3311
Facsimile:  (817) 335-7733

**ATTORNEYS FOR APPELLANTS**

8

**CERTIFICATE OF SERVICE**

On January 20, 2015, I electronically filed this Reply Supporting Appellate Jurisdiction with the Clerk of the Court using the eFile.TXCourts.gov electronic filing system which will send notification of such filing to the following (unless otherwise noted below).

John H. Cayce, Jr.
State Bar No. 04035650
john.cayce@kellyhart.com
KELLY HART & HALLMAN LLP
KELLY HART &HALLMAN LLP
201 Main Street, Suite 2500
Fort Worth, Texas 76102
Telephone: (817) 332-2500
Telecopier: (817) 878-9280

Mack Ed Swindle
State Bar No. 19587500
mswindle@whitakerchalk.com
Brent Shellhorse
State Bar No. 24008022
bshellhorse@whitakerchalk.com
WHITAKER CHALK SWINDLE &
SCHWARTZ PLLC
301 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0500
Facsimile:  (817) 878-0501

*Attorneys for Appellees*

/s/ Douglas W. Alexander
Douglas W. Alexander

9