**Dismissed and Memorandum Opinion filed May 9, 2024**



In The

# Fourteenth Court of Appeals

## NO. 14-23-00303-CV

**ASSUMPTA AMAECHI, Appellant**

**V.**

**MISHARCK AMAECHI, Appellee**

**On Appeal from the 309th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-75711**

## MEMORANDUM OPINION

Appellant Assumpta Amaechi attempts to appeal from the trial court's denial of her motion for a judgment nunc pro tunc. Because the denial of a motion for judgment nunc pro tunc is not an appealable order, we do not have jurisdiction to consider appellant's appeal. We therefore dismiss this appeal for lack of jurisdiction.

Appellant and appellee Misharck Amaechi were divorced in 2019. Appellant filed a Petition to Modify Parent-Child Relationship in 2021. The trial

court conducted a bench trial and it signed an order modifying the parent-child relationship (Modification Order) on January 18, 2023. Among other provisions, the Modification Order provided that child exchanges would occur at the Houston Police Department's Southeast Station located on Mykawa Road.

On February 3, 2023, appellant filed a Motion for Judgment Nunc Pro Tunc. In her motion, appellant argued that the trial court's January 18 order contained a clerical mistake. The trial court denied the Motion for Judgment Nunc Pro Tunc on April 19, 2023. Appellant filed her Notice of Appeal the same day. *See* Tex. R. App. P. 27.1(a) ("In a civil case a prematurely filed notice of appeal is effective and deemed filed on the day of, but after, the event that begins the period for perfecting the appeal"); *In re J.M.*, 396 S.W.3d 528, 530 (Tex. 2013). Appellant subsequently filed a brief in which she attempts to appeal the trial court's denial of her Motion for Judgment Nunc Pro Tunc. The denial of a motion for a judgment nunc pro tunc is not an appealable order. *See Shadowbrook Apts. v. Abu-Ahmad*, 783 S.W.2d 210, 211 (Tex. 1990) (per curiam) (stating that the denial of a motion for judgment nunc pro tunc is not a final judgment and is therefore not an appealable order). Further, appellant's Motion for Judgment Nunc Pro Tunc did not extend the deadline for filing a notice of appeal from the Modification Order. *See Lane Bank Equip. Co. v. Smith S. Equip., Inc.*, 10 S.W.3d 308, 310 (Tex. 2000) (stating that a post-judgment motion that "merely seeks to correct clerical errors" does not extend the appellate filing deadlines).

We questioned our jurisdiction and notified the parties on March 11, 2024, that the appeal would be dismissed for want of jurisdiction unless we received a response establishing our jurisdiction. Having not received a response within the time allowed, we dismiss this appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a).

/s/    Jerry Zimmerer
        Justice

Panel consists of Justices Bourliot, Zimmerer, and Spain.