ACCEPTED
04-15-00405-cv
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
11/19/2015 3:54:26 PM
KEITH HOTTLE
CLERK

CAUSE NO. 04-15-00405-CV

| | | |
|---|---|---|
| DAVID GILLESPIE, | § | IN THE COURT OF APPEALS |
| APPELLANT, | § | |
| | § | |
| —VERSUS— | § | FOURTH COURT OF APPEALS DISTRICT |
| | § | |
| A.L. HERNDEN AND | § | |
| FREDERICK R. ZLOTUCHA, | § | |
| APPELLEES. | § | SAN ANTONIO, TEXAS |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
11/19/2015 3:54:26 PM
KEITH E. HOTTLE
Clerk

## OPPOSED MOTION TO STRIKE UNTIMELY "AMENDED" NOTICE OF APPEAL FILED FOUR MONTHS AFTER THE DEADLINE, AND, IN THE ALTERNATIVE, MOTION TO EXTEND TIME TO FILE NOTICE OF CROSS APPEAL

**TO THE HONORABLE JUSTICES OF SAID COURT:**

**NOW COME** Appellees A.L. Hernden and Frederick R. Zlotucha and file this Opposed Motion to Strike Untimely "Amended" Notice of Appeal Filed Four Months After the Deadline, and, in the Alternative, Motion to Extend Time to File Notice of Cross Appeal. In support of this motion, Hernden and Zlotucha respectfully show the Court as follows:

### A.     INTRODUCTION

1.    Two Plaintiffs filed this legal malpractice case. Two Plaintiffs lost on summary judgment. Two Plaintiffs asked the trial court to reconsider that order. But only one Plaintiff filed a notice of appeal. Now, more than four months after the notice of appeal was due, the second Plaintiff filed an "amended" notice of appeal, asking this Court to ignore the fact that the deadline to perfect his appeal has long since passed.

2.    Two Plaintiffs—David Gillespie and Michael O'Brien—sued Defendants A.L. Hernden and Frederick R. Zlotucha. *See* Exh. 1.

3.    Those two Plaintiffs filed a motion for summary judgment. *See* Exh. 2.

4. The 224th Judicial District Court, the Honorable Cathy Stryker, presiding, signed an order denying the motion for summary judgment filed by those two Plaintiffs. *See* Exh. 3.

5. Hernden and Zlotucha filed a hybrid motion for summary judgment asking the trial court to render judgment against those two Plaintiffs. *See* Exh. 4.

6. On April 2, 2015, Judge Stryker signed an order granting that hybrid motion for summary judgment and ordering the two Plaintiffs to take nothing by their claims. *See* Exh. 5. That order contained a Mother Hubbard clause and recited that it was a final, appealable judgment. *See* Exh. 5.

7. On May 1, 2015, those two Plaintiffs filed a motion to reconsider and alternative motion for new trial. *See* Exh. 6. Those two Plaintiffs failed to set a hearing on that motion, so the trial court overruled that motion by operation of law. *See* Exh. 7.

8. On July 3, 2015, one of those Plaintiffs—David Gillespie—filed his notice of appeal. *See* Exh. 8. That document referenced only one Plaintiff. The language in that notice of appeal consistently represents that it was filed on behalf of a single Plaintiff:

> WHEREAS ON April 2, 2015, the Honorable Cathleen M. Stryker of the 224th Judicial District Bexar Court, entered a Final Judgment in this cause. Plaintiff, DAVID GILLESPIE wishes to appeal from said Final Judgment to the Court of Appeals for the Fourth District of Texas in San Antonio, Texas.

*See* Exh. 8. Furthermore, Gillespie's counsel expressly represented that he filed the notice of appeal on behalf of only one Plaintiff:

2

RESPECTFULLY SUBMITTED,

**GENE TOSCANO, INC.,**

BY: /s/ Andrew E. Toscano
ANDREW E. TOSCANO
SBN: 00786832
846 Culebra Road, Suite 104
San Antonio, Texas 78201
210/732-6091 tel
210/735-4167 fax
**ATTORNEY PLAINTIFF**

*See* Exh. 8.

9.     On July 6, 2015, this Court issued a notice informing the parties that the "appellant's notice of appeal" had been filed, notifying the "appellant" that he had failed to pay the filing fee, and alerting "[t]he Appellant" that he had not filed the docketing statement. *See* Exh. 9. All the references in this notice were to a single "appellant." *See* Exh. 9.

10.    On July 28, 2015, this Court issued an order that since "appellant David Gillespie" had not paid the filing fee, "appellant" was ordered to pay the filing fee within 10 days, and threatening to dismiss the appeal "[i]f appellant fails to respond. . . ." *See* Exh. 10.

11.    On September 15, 2015, this Court issued an order informing "Appellant David Gillespie" that his notice of appeal was not filed on time—that notice of appeal was due on July 1, 2015, but Gillespie did not file it until July 3, 2015. *See* Exh. 11. The style of that order clearly shows that David Gillespie was the only appellant, and refers to the fact that there is only one appellant in this case **six** times. *See* Exh. 11.

12.    On September 30, 2015, "Appellant, David Gillespie" filed a motion to extend the deadline to file his notice of appeal. *See* Exh. 12. The style of that motion clearly shows that David Gillespie was the only appellant, and refers to the fact that he was the only

3

party on his "side" **twelve** times.[1] *See* Exh. 12. In addition, the notice this Court sent the parties on that date confirmed that there was only one Appellant. *See* Exh. 13.

13. On October 5, 2015, this Court granted Gillespie's motion for extension of time to file his notice of appeal. *See* Exh. 14. O'Brien's name does not appear in the style or anywhere in the body of the order. *See* Exh. 14. This Court used the singular term "appellant" **five** times in that order and the notification of the order. *See* Exh. 14. This Court did not grant any extension of time for O'Brien to file his notice of appeal. *See* Exh. 14.

14. On October 21, 2015, Gillespie filed a motion seeking to extend the deadline for filing his appellate brief by thirty days. *See* Exh. 15. The style of that motion clearly shows that David Gillespie was the only appellant, and refers to the fact that there is one appellant in this case **nine** times. *See* Exh. 15.

15. On October 21, 2015, this Court extended the deadline for Appellant David Gillespie to file his appellate brief by thirty days. *See* Exh. 16. O'Brien's name does not appear in the style or anywhere in the body of the order. *See* Exh. 16. This Court used the singular term "appellant" **three** times in that order. *See* Exh. 16.

16. On November 3, 2015, "Appellants" filed an "amended" notice of appeal attempting to include O'Brien in this appeal. *See* Exh. 17. For the following reasons, Appellees respectfully request that this Court strike the amended notice of appeal. *See* Exh. 17.

---

[1] In this motion, Gillespie correctly referred to himself as the singular appellant sight times, and incorrectly referred to himself as the singular appellee four times. *See* Exh. 12. Although Gillespie was confused about whether he was the appellant or the appellee, he was not confused about whether any other parties were aligned with him on appeal—he uniformly used the singular version of the appellant or appellee party designation. *See* Exh. 12.

## B. ARGUMENT AND AUTHORITIES

17. Texas Rule of Appellate Procedure 25.1(c) provides:

> A party who seeks to alter the trial court's judgment or other appealable order must file a notice of appeal. Parties whose interests are aligned may file a joint notice of appeal. The appellate court may not grant a party who does not file a notice of appeal more favorable relief than did the trial court except for just cause.

Tex. R. App. P. 25.1(c).

18. Texas Rule of Appellate Procedure 25.1(g) provides:

> An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed. The amended notice is subject to being struck for cause on the motion of any party affected by the amended notice. . . .

Tex. R. App. P. 25.1(g).

19. O'Brien now seeks to alter the trial court's judgment against him. But if he wanted to alter the trial court's judgment against him, he was required to file a notice of appeal. *See id*. Rule 25.1(c). His deadline to file that notice of appeal was July 1, 2015. *See id*. Rule 26.1(a)(1). Even with an extension of time, his deadline to file a notice of appeal was July 16, 2015. *See id*. Rule 26.3. He did not file a notice of appeal until November 3, 2015—more than four months after his notice of appeal was originally due. *See* Exh. 17.

20. Texas has adopted a general policy of construing bona fide but technically defective attempts to invoke appellate courts' jurisdiction as sufficient to preserve the right to appeal. *See, e.g., Verburgt v. Dorner*, 959 S.W.2d 615, 616 (Tex. 1997). However, not every attempt to invoke the appellate court's jurisdiction is a bona fide attempt. *See, e.g., In re K.A.F.*, 160 S.W.3d 923, 928 (Tex. 2005) (filing a motion for new trial is not a bona fide attempt to invoke the appellate court's jurisdiction). **The requirement of timely filing a notice of appeal is jurisdictional.** *Id.*; *see also Bowles v. Russell*, 551 U.S. 205,

5

213 (2007) (a party's "failure to file his notice of appeal in accordance with the statute therefore deprived the Court of Appeals of jurisdiction."). If O'Brien wanted to appeal the judgment, he was required to file a notice of appeal by July 1, 2015 to maintain the courts' jurisdiction over his claims. *See* Tex. R. App. P. 26.1(a)(1); *see also* Exh. 14.

21. Nothing in the notice of appeal Gillespie filed demonstrates any intent to invoke this Court's jurisdiction over O'Brien. *See* Exh. 8; *Cf. In re J.M.*, 396 S.W.3d 528, 529-31 (Tex. 2013). O'Brien's name does not appear in that document. *See* Exh. 8. Gillespie's counsel indicated that he filed that notice of appeal on behalf of a singular "Plaintiff"—David Gillespie. *See* Exh. 8.

22. Nothing in Gillespie's motion to extend the deadline to file the notice of appeal demonstrates O'Brien's intent to invoke this Court's jurisdiction. *See* Exh. 12. O'Brien's name does not appear in that document. *See* Exh. 12. Gillespie's counsel indicated that he filed that motion for extension of time on behalf of a singular "Appellant"—David Gillespie. *See* Exh. 12.

23. Nothing in Gillespie's motion to extend the deadline to file his brief demonstrates that O'Brien believed he had invoked this Court's jurisdiction. *See* Exh. 15. O'Brien's name does not appear in that document. *See* Exh. 15. Gillespie's counsel indicated that she filed that motion on behalf of a singular "Appellant"—David Gillespie. *See* Exh. 15. In fact, Gillespie's counsel only entered an appearance on behalf of a singular "Appellant"—David Gillespie. *See* Exh. 15.

24. In Gillespie's own filings, he referred to a singular Appellant **23 times**. *See* Exh. 8, 12, 15. In fact, the first time Gillespie ever referred to multiple "Appellants" was in his

6

"amended" notice of appeal. *See* Exh. 17. In every one of his filings to that point, he referenced a singular "Appellant." *Compare* Exh. 8, 12, 15 *with* Exh. 17.

25. Similarly, this Court's orders and notifications referred to a singular Appellant **21 times**. *See* Exh. 9, 10, 11, 13, 14, 16.

26. A bona fide attempt to invoke this Court's jurisdiction requires action. *See, e.g., In re J.M.*, 396 S.W.3d at 530. On this point, the Supreme Court has written "[a]s long as 'the appellant timely files a document in a bona fide attempt to invoke the appellate court's jurisdiction, the court of appeals, on appellant's motion, must allow the appellant an opportunity to amend or refile the instrument required by law or our Rules to perfect the appeal.'" *Id.* (citing *Grand Prairie Indep Sch. Dist. v. S. Parts Imports, Inc.*, 813 S.W.2d 499, 500 (Tex. 1991)). Here, O'Brien did not take a single action that demonstrates any intent to invoke this Court's jurisdiction. This Court should recognize that, since O'Brien did not file a notice of appeal until more than four months after his deadline to do so, and since that deadline is jurisdictional, this Court lacks the authority to grant him more favorable relief than the trial court did. *See* Tex. R. App. P. 25.1(c). In a strikingly similar case, the Houston First Court of Appeals reached this same conclusion and dismissed, for want of jurisdiction, the appeal of a plaintiff whose name was excluded from the notice of appeal. *See Crofton v. Amoco Chem. Co.*, No. 01-01-00526-CV; 2003 WL 21297588, at *3 (Tex. App.—Houston [1st Dist.] 2003 pet. denied) (mem. op.). The Houston Court recognized that such an omission was not "a 'clerical defect' susceptible to correction by amendment." *Id*. O'Brien can present no "just cause" why this Court should ignore the Texas Rules of Appellate Procedure and established precedent that only parties who file a notice of appeal can ask the courts of appeals to alter the judgments against them. *See,*

7

*e.g.,* Tex. R. App. P. 2 (appellate courts are prohibited from altering the time for perfecting appeals in civil cases); Tex. R. App. P. 25.1(c).

27.     In fact, exercising jurisdiction over O'Brien's late-filed notice of appeal would harm Hernden and Zlotucha by potentially depriving them of their ability to cross appeal to complain about O'Brien's notice of appeal, as described below.

28.     Especially since Gillespie's filings were so clearly made on behalf of Gillespie alone, and since O'Brien took absolutely no action, this Court should recognize that a notice of appeal filed on behalf of one party cannot constitute not a bona fide attempt to appeal on behalf of another, unnamed party.

29.     If this Court refuses to strike O'Brien's "amended" notice of appeal, it will violate Texas Rule of Appellate Procedure 2, which authorizes appellate courts to suspend the rules "for good cause," but prohibits courts from "alter[ing] the time for perfecting an appeal in a civil case." Tex. R. App. P. 2. Because granting an extension of more than four months to file a notice of appeal plainly "alter[s] the time for perfecting an appeal in a civil case," the Texas Rules of Appellate Procedure prohibit it.

## C.     ALTERNATIVE MOTION TO EXTEND TIME TO FILE NOTICE OF CROSS APPEAL

30.     In the event this Court does not strike O'Brien's "amended" notice of appeal, A.L. Hernden and Frederick R. Zlotucha want to preserve their complaints about O'Brien's failure to timely perfect his appeal. Even though they do not seek to alter the trial court's judgment, they desire to cross appeal the final judgment signed by the 224th Judicial District Court of Bexar County, the Honorable Cathy Stryker, presiding on April 2, 2015 in Cause No. 2013-CI-10278; *David Gillespie and Michael O'Brien v. A.L. Hernden and*

8

*Frederick R. Zlotucha.* This appeal is to the Court of Appeals for the Fourth Court of Appeals District of Texas in San Antonio. *See* Exh. 18.

31.  The filing deadlines in the Texas Rules of Appellate Procedure demonstrate how allowing O'Brien's late "amended" notice of appeal hurts Hernden and Zlotucha. Under Rule 26.1(d):

> **if any party timely files a notice of appeal, another party may file a notice of appeal within** [the general deadline to file a notice of appeal that governs the case] or **14 days after the first filed notice of appeal, whichever is later.**

Tex. R. App. P. 26.1(d) (emphasis added). Even though the first notice of appeal was due on July 1, it was not filed until July 3, 2015. *See* Exh. 15. Fourteen days from July 3, 2015 was July 17, 2015. But July 17, 2015 was more than three months before O'Brien filed his "amended" notice of appeal. Under the plain language of the rules, Hernden and Zlotucha were required to file their notice of cross appeal even before O'Brien filed his "amended" notice of appeal. But the filing of the "amended" notice of appeal is the development that triggered Hernden and Zlotucha's need to file a cross appeal in the first place. Surely the Rules cannot tolerate such an injustice. *See* Tex. R. App. P. 2 ("a court must not construe this rule [authorizing suspension of the Texas Rules of Appellate Procedure] to . . . alter the time for perfecting an appeal in a civil case.").

32.  Even if this Court were to apply the extension authorized by Rule 26.3, that Rule authorizes this Court to:

> extend the time to file the notice of appeal if, **within 15 days after the deadline for filing the notice of appeal**, the party: (a) files in the trial court he notice of appeal; and (b) files in the appellate court a motion complying with Rule 10.5(b).

9

Tex. R. App. P. 26.3 (emphasis added). The "deadline" for O'Brien to file the notice of appeal was July 1, 2015. *See* Exh. 15. Fifteen days from July 1, 2015 was July 16, 2015—more than three months before O'Brien filed his "amended" notice of appeal and triggered Hernden and Zlotucha's need to file a cross appeal. The result is the same even if the "deadline" for Gillespie and O'Brien to file their notice of appeal was extended to July 3, 2015. Since timely cross appealing is impossible according to the plain language of the Rule in these circumstances, this Court should recognize that O'Brien's "amended" notice of appeal was untimely and strike it. *See id.*

33. If this Court does not strike O'Brien's late-filed "amended" notice of appeal, A.L. Hernden and Frederick R. Zlotucha respectfully request that this Court grant their motion to extend the deadline to file their notice of cross appeal under Texas Rule of Appellate Procedure 26.3, and deem that their notice of cross appeal, which was filed with the Bexar County District Clerk's Office on November 19, 2015, was timely filed.

### D. EVIDENCE IN SUPPORT OF MOTIONS

34. Hernden and Zlotucha present the following exhibits in support of this motion:

    1. Plaintiffs' Original Petition and Requests for Disclosure

    2. Plaintiffs' Traditional Motion for Partial Summary Judgment

    3. Order Denying Plaintiffs' Traditional Motion for Partial Summary Judgment

    4. Defendants' Combined No Evidence and Traditional Motions for Summary Judgment

    5. Order Granting Defendants' Combined No Evidence and Traditional Motions for Summary Judgment and Final Judgment

    6. Motion to Reconsider Summary Judgment and in the Alternative Motion for New Trial

    7. Bexar County Centralized Docket Sheet

10

8. Notice of Appeal

9. July 6, 2015 Notice from Fourth Court of Appeals

10. July 28, 2015 Order of Fourth Court of Appeals

11. September 15, 2015 Order of Fourth Court of Appeals

12. Appellee's [sic] Motion for Extension of Time

13. September 30, 2015 Notice from Fourth Court of Appeals

14. October 5, 2015 Notice and Order of Fourth Court of Appeals

15. Notice of Appearance of Appellate Counsel & Appellant's Unopposed Motion for Briefing Deadline Extension

16. October 21, 2015 Corrected Order of Fourth Court of Appeals

17. Amended Notice of Appeal

18. Notice of Cross Appeal

### E.     CONCLUSION AND PRAYER

35.    For the foregoing reasons, Appellees A.L. Hernden and Frederick R. Zlotucha respectfully request that this Opposed Motion to Strike Untimely "Amended" Notice of Appeal Filed Four Months After the Deadline, and, in the Alternative, Motion to Extend Time to File Notice of Cross Appeal. Appellees further request all additional relief to which they may be entitled, in equity or at law.

11

Respectfully submitted,

*/s/ Beth Watkins*
Beth Watkins
State Bar No. 24037675
LAW OFFICE OF BETH WATKINS
926 Chulie Drive
San Antonio, Texas 78216
(210) 225-6666—phone
(210) 225-2300—fax
Beth.Watkins@WatkinsAppeals.com

Counsel for Appellees
and Conditional Cross-Appellants
A.L. Hernden and Frederick R. Zlotucha

*/s/ Frederick R. Zlotucha*
Frederick R. Zlotucha
State Bar No. 24037675
LAW OFFICE OF FREDERICK R. ZLOTUCHA
222 E. Main Plaza
San Antonio, Texas 78205
(210) 227-9877—phone
(210) 227-8316—fax
attyrickzlotucha@aol.com

Pro Se

12

## CERTIFICATE OF CONFERENCE

I hereby certify that, on November 19, 2015, I e-mailed a copy of this Opposed Motion to Strike Untimely "Amended" Notice of Appeal Filed Four Months After the Deadline, and, in the Alternative, Notice of Cross Appeal to Ms. Kimberly Keller, counsel for Appellant. On November 19, 2015, Ms. Keller responded that, on behalf of her clients, she was opposed to the substance of this motion.

*/s/ Beth Watkins*
Beth Watkins

Counsel for Appellees
and Conditional Cross-Appellants
A.L. Hernden and Frederick R. Zlotucha

## CERTIFICATE OF SERVICE

I hereby certify that, on November 19, 2015, I electronically served, via FileTime, my e-filing service provider, a true and correct copy of the above document on the following counsel of record:

Ms. Kimberly S. Keller
KELLER STOLARCZYK, PLLC
234 West Bandera Road #120
Boerne, Texas 78006
(830) 981-5000—phone
(888) 293-8580—fax
kim@kellsto.com

Attorney for Appellant
David Gillespie

*/s/ Beth Watkins*
Beth Watkins

Counsel for Appellees
and Conditional Cross-Appellants
A.L. Hernden and Frederick R. Zlotucha